#### OF

## THE STATE OF MISSOURI

OCTOBER TERM, 1873, AT ST. LOUIS.

————o————

| 53 | 435 |
|-----|-----|
| 99a | 431 |

EDWARD P. ROBINSON, Respondent, *vs.* THE MISSOURI RAIL-
WAY CONSTRUCTION COMPANY, Appellant.

1. *Jeofails, statute of—Judgment by default—Reversal—What errors cured.*—
A judgment by default cannot be reversed, impaired, or in any way affected, by
reason of the omission of any allegation or averment, which would have ren-
dered the petition demurrable, nor for the omission of any allegation or aver-
ment, without proving which the triers of the issue ought not to have given
a verdict.

*Appeal from Lewis Circuit Court.*

*N. Rollins,* for Appellant.

*Dryden & Dryden, with whom was Alverson,* for Re-
spondent.

Defendant's default was a confession of all the material
allegations of the petition.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a bill of exchange against the de-
fendant as drawer.

The defendant failed to answer the petition, and a judgment was taken for the amount of the bill, damages, etc., as prayed for in the petition.

The case was submitted to the court, and the defendant objected to the introduction of the bill of exchange and the protest upon the alleged ground, that from the date of the bill of exchange and the date of the protest, it appeared to have been protested one day after the third day of grace.

This objection was overruled, and the defendant excepted. After the judgment was rendered, the defendant again raised the same objection by way of motion for a new trial, which was overruled, and this ruling was also excepted to.

The defendant's failure to answer the plaintiff's petition admitted his right of recovery, if the petitioner stated facts sufficient to constitute a cause of action. And the law is, that when a judgment is given on failure to answer, it cannot be reversed, impaired or in any way affected, by reason of the omission of any allegation or averment, on account of which ommission a demurrer could have been maintained, nor for omitting any allegation or averment, without proving which the triers of the issue ought not to have given a verdict. (W. S., 1036, § 19.)

It was competent to prove, that the date of the bill was wrong, or that the date of the protest was wrong, and that it actually fell due on the exact day it was protested. The want of an answer admitted, that the bill had been duly protested and that the defendant was liable for the same.

I see no error in the record. Let the judgment be affirmed; the other Judges concur.