John Weber, Respondent, *v.* John Ebling, Appellant.

2    15
99   ²431

### April 10, 1876.

1. Ebling and Able are not *idem sonans*, and it is error to admit evidence of a judgment against John Able in a proceeding to revive a judgment against John Ebling.

2. A judgment cannot be revived against E. by showing that judgment was rendered against him under the name of A.; but, if he has knowingly allowed judgment to be rendered against him by the name of A., an execution on that judgment can be made effectual against any property he may have subject to execution.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

*Gottschalk*, for appellant.

*Francis Garvey*, for respondent, cited: Stone *v.* Powell, 5 Mo. 435; Wag. Stat, 831, sec. 10.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding to revive a judgment rendered on October 8, 1863, before a justice of the peace.

On the trial plaintiff was allowed, against the objection of defendant, to introduce in evidence the docket of the justice showing a judgment against John Able, and also to introduce evidence tending to prove that the John Ebling, defendant in the present proceeding, and the John Able, against whom the original judgment had been obtained, are the same man.

There was a verdict and judgment for plaintiff, and the cause is brought here by appeal.

Beyond all controversy, the names, John Ebling and John Able, are not *idem sonans;* and it is difficult to see how entering a judgment against John Ebling can be the revival of a judgment against John Able. The statute authorizes the justice, in this proceeding, to make an entry reviving the judgment already upon his docket; it gives him no power to change the original judgment or to correct any mistake as to name or amount. If the original judgment was against John Able, the judgment must be revived against John Able, and cannot be revived against John Smith by showing that judgment was got against Smith by the name of Able. There is no hardship in this.

It is too late now to correct a mistake in the original judgment; but that judgment, on proper notice to the defendant and compliance with the statute, can be revived as it stands. If, in fact, the defendant has gone by the name of Able, or has knowingly allowed judgment to be rendered against him by that name, an execution on that judgment can be made effectual against any property subject to execution that he may have.

If the name Ebling cannot be thus connected with the person of defendant, plaintiff may, perhaps, have

another remedy. Be that as it may, the courts cannot, in a proceeding to revive a judgment, relieve against the consequences of a mistake of name in the judgment itself.

The Circuit Court erred in admitting evidence of a judgment against John Ebling, in a proceeding to revive a judgment against John Able. The judgment must be reversed and the cause remanded. The other judges concur.