MAGGIE O. GREEN, Respondent, v. SUPREME LODGE NATIONAL RESERVE ASSOCIATION, Appellant.

St. Louis Court of Appeals, February 21, 1899.

1. **Practice, Trial:** MISNOMER OF PARTY: CORRECTION. By permitting the correction of the name of the defendant in the petition, and in the summons served upon it, the trial court merely followed the course prescribed by the express terms of the statute; the defendant was entitled under its plea of misnomer, to an allowance of cost, but it had no right to demand a dismissal of plaintiff's suit.

2. ————: OBJECTION TO PETITION: CAUSE OF ACTION. Imperfections or indefiniteness in the statement of a cause of action are not open to review, unless attacked before a verdict is rendered.

3. ————: MOTION IN ARREST: MOTION FOR NEW TRIAL. If the court erred in rendering a judgment unsupported by the evidence, its attention should have been directed to that error by motion for new trial. Motions in arrest do not reach matters of exception, but are confined to errors patent on the record proper.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

A. H. LIVINGSTON for respondent.

The petition is sufficient in all particulars to support the judgment. It might be ever so defective or informal; yet such defects and objections must be raised before verdict. The points raised by appellant, in any view that may be taken of them, were matters of defense, and it having failed to appear and plead, all such questions are waived, even if they were tenable; but we insist that none of the points raised would have been effective, even if taken at the proper time. Bank v. Leyser, 116 Mo. 51; Buck v. Railway, 46 Mo.

App. 555; Burnett v. Tel. Co., 48 Mo. App. 556; Knox v. Brown, 103 Mo. 223.    The defendant failed to answer but made default, and it thereby confessed all the allegations of the petition, and the suit being founded on a written instrument for the payment of a certain sum of money, and no inquiry of damage being necessary, the court was authorized to render judgment under the statute without hearing any testimony.    The petition was confessed and the instrument sued on being filed therewith, nothing stood in the way of a judgment on the pleadings.    We regard this proposition as being so well understood and settled by statute and precedent that citation of authorities is useless.    *    *    *    The words "supreme lodge" are merely descriptive and a failure to use them in pleading the name of such corporation is neither a variance nor a misnomer.    The statute especially provides for amendments in just such cases.    R. S. 1889, sec. 2098; Schaeffer v. Phoenix Brew. Co., 4 Mo. App. 115; Ins. Co. v. Davenport, 57 Mo. 289; Kinion v. Railway, 39 Mo. App. 574.

BROWN, CHAPMAN & BROWN and ORCHARD & SAYE for appellant.

In pleading the corporate name must be strictly used, and the omission of the words "supreme lodge," part of the corporate name of defendant, was a fatal variance, or at least a misnomer available by plea in abatement.    4 Am. and Eng. Ency. of Law, p. 204; State v. Bell Tel. Co., 36 Ohio St. 296 (308); Lake Superior Building Co. v. Thompson, 32 Mich. 293; Burnham v. Bank, 5 N. H. 446; Boone on Code Pleading, sec. 255; Boone on The Law of Corporations, secs. 30 and 75.    When plaintiff amended by inserting in petition and summons the words "supreme lodge," service should have been thereafter duly had upon defendant, to give the court jurisdiction.    Blodgett v. Schaffer, 94 Mo.

652 (671); Southern Pac. Co. v. Block, 84 Tex. 21. The petition is insufficient for failure to allege: (a) That the defendant promised to pay to plaintiff the sum therein mentioned. (b) That Washington L. Stowers, the deceased, was at time of death a member of the association, and had complied with all its laws, rules and requirements in force at time of issuance of certificate, or thereafter enacted. (c) That according to the constitution and by-laws of said association plaintiff was entitled to said sum. (d) That the sum sought to be recovered was due and payable. Wright v. Ins. Co., 73 Mo. App. 365. Plaintiff failed to establish her case, and the judgment is unsupported by the evidence, for the reason that the certificate sued upon was not introduced in evidence. Stewart v. Sup. Council, etc., 36 Mo. App. 319 (329); Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95; Knights of Honor v. Forston, 78 Tex. 475.

BOND, J.—Plaintiff is the beneficiary named in a certificate of insurance issued by the defendant on the life of her father, who was a member of its order. The petition alleges the death of the member, and the other facts recited in the certificate as the conditions upon which it was payable, and concludes by averring that plaintiff "duly demanded from defendant the sum of $2,000, the sum of said policy, but plaintiff says she has not been paid, and that the defendant is now indebted to the plaintiff in the said sum with interest from April 6, 1898, for which she prays judgment." The defendant was sued as a corporation under the name of the "National Reserve Association." Its real corporate name is "Supreme Lodge National Reserve Association." The summons was executed upon the president of the defendant order, whereupon it appeared specially for that purpose, pleaded in abatement of the suit by setting forth its correct name, and the misnomer under which it had been served. After hearing the evidence on this plea, the court sustained

the motion of plaintiff to amend her petition and the summons issued thereunder by inserting the correct name of defendant, as shown by its plea and evidence, to which ruling defendant excepted, thereupon the cause came on to be heard, the defendant not appearing, and after hearing the evidence adduced by plaintiff, the court rendered judgment in her favor for the amount of the certificate. Defendant appearing specially for that purpose moved in arrest, on the ground that the court erred in its ruling on the plea in abatement, and that the petition failed to state a cause of action. Upon the overruling of its motion defendant appealed to this court.

There is no merit in either of these positions. As to the first the law is, that a service of process upon the right party under the wrong name "is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or appearing fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name." Parry v. Woodson, 33 Mo. loc. cit. 348. In this case the defendant did object to the misnomer under which it was sued, but that plea, though sustained by the evidence, did not entitle it to have the summons quashed. Under our broad and liberal statute of amendments, "the court may, at any time before final judgment, * * * amend any record, pleading, process, * * * by correcting a mistake in the name of a party." R. S. 1889, sec. 2098. By permitting the correction of the name of the defendant in the petition and in the summons served upon it, the court merely followed the course prescribed by the express terms of the above statute. All the defendant was entitled to under its plea of misnomer was an allowance of cost, it had no right to demand a dismissal of plaintiff's suit.

AMENDMENT.

As to the second position taken by appellant, it is true that a petition which states no cause of action by reasonable intendment may be challenged on that account for the first time in an appellate court. But it is equally true that mere imperfections or indefiniteness in the statement of a cause of action are not open to review, unless attacked before a verdict is rendered. R. S. 1889, sec. 2113.

The contention here is that the petition fails to allege a promise to pay. The benefit certificate issued by defendant recites "which sum ($2,000) shall be at his death paid to Maggie O. Green," who is the plaintiff herein, and who alleges in her petition the execution in her favor of the benefit certificate containing the above quoted clause, and the happening of the events upon which payment was conditioned, and her demand for $2,000, "the sum of said policy," the nonpayment thereof by defendant, and that "it is now indebted to her in the said sum with interest, etc." To determine the legal force and scope of these allegations it is only necessary to inquire how the defendant could insure her father's life in the sum of $2,000 for plaintiff's benefit without thereby promising to pay that sum to her upon the happening of the stipulated conditions? And why a petition which alleges such contract of insurance and the happening of the contingencies upon which it is based does not allege an express contract on the part of defendant to pay her that sum? The necessary answer to these questions demonstrates that the petition contained a sufficient statement of a contract on the part of defendant to pay plaintiff the sum sued for, as against objection to its averments interposed for the first time after verdict.

It is next urged that the allegation in the petition that the member made payment "of all premiums secured and assessments due upon said policy" and "in all respects complied with the conditions and provisions of said certificate and policy of insurance," is a totally defective allegation of com-

pliance on the part of the member with the requirements of the certificate. This contention, like the former, is refuted by its bare statement. It is transparently untenable and unworthy of further discussion.

It is finally urged that there was not sufficient evidence to warrant a recovery. If the court erred in rendering a judgment unsupported by the evidence, its attention should have been directed to that error by motion for new trial. No such motion was filed. Defendant contented itself with filing a motion in arrest of judgment. Motions in arrest do not reach matters of exception, but are confined to errors patent on the record proper. McCarty v. O'Bryan, 137 Mo. 584. Finding no reversible error in this record for the present appeal, and it appearing to have been prosecuted for vexation and delay, and upon wholly frivolous grounds, we will affirm the judgment for plaintiff, and as requested in the brief, award ten per cent damages. All concur.