G. G. ROBERTS et al., Appellants, v. S. A. STONE et al., Respondents.

Kansas City Court of Appeals, February 16, 1903.

Process: SERVICE OF. The facts relating to the service of summons in a suit on a note against defendants, non-residents of the county where the suit was brought, is reviewed and *held* to be, as to the one served in the county, good; and bad as to the one served out of the county; and this holding is adhered to on motion for rehearing.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*John G. Parkinson* and *James W. Boyd* for appellants.

(1) The false return made by the sheriff in an action at law may be attacked and set aside in court of equity upon a direct proceeding brought for that purpose. Phillips v. Evans, 64 Mo. 17; Ryan v. Boyd, 33

Ark. 778; Ridgeway v. Bank, 50 Tenn. 522; Hamblen v. Knight, 60 Tex. 36; Constitution, art. 2, sec. 30; Smoot v. Judd, 161 Mo. 673. (2) Where a suit is brought in a county in this State wherein the plaintiff resides, against two defendants and both of them reside outside of that county and in different counties in this State, then if one of them should be found in the county where the plaintiff resides, and there is pretense of service of summons upon the other defendant in the county where he resides, such pretended service of summons does not give the court any jurisdiction whatever over him. R. S., sec. 562.; Christian v. Williams, 11 Mo. 429. (3) The evidence in this case overwhelmingly and beyond reasonable doubt shows that M. C. Roberts, who was at the time stated visiting J. B. Turner in Livingston county, was never served with any summons whatever and that the return of the sheriff to that effect is absolutely false; that it is admitted by the defendants in this case and shown by the return of the sheriff of Carroll county that G. G. Roberts was not served with summons, nor was there any pretense of service upon him except by sheriff of Carroll county, in Carroll county.

*Chas. A. Loomis* for respondent.

(1) Where a judgment is regular on its face and the return of service of process by the officer is regular, a court of equity should not set aside a judgment at law, except on evidence which is clear, satisfactory and convincing beyond a reasonable doubt, proving the lack of service by the officer making the return. And the return itself is prima facie evidence of the material facts therein recited. Huntington v. Croutier, 33 Ore. 408; reported in 72 Am. St. Rep. 726 and a long list of cases cited in the opinion on page 729; Furman v. Furman, 60 Am. St. Rep. 645, and note; Quarrels v. Heirn, 70 Miss. 891; Hunt v. Childers, 5 V. 247, Lea;

U. S. v. Gayles, 45 Fed. 107; Randall v. Collins, 58 Tex. 231; Starkweather v. Morgan, 15 Kan. 274; Jenson v. Crevier, 33 Minn. 372; Wyland v. Frost, 75 Iowa 209; Connell v. Gallagher, 36 Neb. 749; State ex rel. v. Devitt, 107 Mo. 573. (2) Where the evidence is conflicting and consists chiefly of oral testimony, the trial court's finding of facts will be greatly deferred to, by the appellate court, on account of the superior advantages possessed by the trial court for weighing the evidence and judging of the credibility of the witnesses. Hartley v. Hartley, 143 Mo. 216; Mathias v. O'Neill, 94 Mo. 520; Loring v. Atterberry, 138 Mo. 262; Shanklin v. Mc-Cracken, 151 Mo. 587; Parker v. Roberts, 116 Mo. 657; Chouteau v. Allen, 70 Mo. 290; Sharp v. McPike, 62 Mo. 300; Lins v. Lenhardt, 127 Mo. 271; Short v. Taylor, 137 Mo. 517; Erskine v. Loewenstein, 82 Mo. 301; Howell v. Canada, 69 S. W. 786. (3) Service of the defendant by the wrong name, or any misdescription of the defendant in the writ, or where his name is omitted in the writ, or where there is a want of a name in the writ, is not bad; it is good, and unless defendant appears and pleads the same in abatement, any defect in the writ pertaining to the description of the defendant is waived. Secs. 660 and 672, R. S. 1899; Thompson v. Elliott, 5 Mo. 118; 1 Chitty on Pleading, 486; Clay v. Burtis, 34 Mo. 92; Martin v. Barron, 37 Mo. 301; 1 Bac. Abr. 9, 2 Black 1120; 4 Barn. & Ad. 536; 6 Barn. & Cr. 165; 6 Moore 264; 3 Bing. 296; 4 Moore 517; 1 Bro. & B. 529; Smith v. Villiers, 1 Salk. 3 Pl. 7; Benson v. Derby, LLd. Raym, 249; 2 Stra. 1218; Kronski v. Railway, 77 Mo. 362; Perry v. Woodson, 33 Mo. 347; Weber v. Ebling, 2 Mo. App. 15; Carpenter v. State, 8 Mo. 291; 1 Chitty on Plead. (16 Am. Ed.), 265; Skelton v. Sackett, 91 Mo. 377; Carrigan v. Schmidt, 126 Mo. 304; Turner v. Gregory, 151 Mo. 100; Blok v. Wilkerson, 62 Mo. App. 31; Hall v. Lane, 123 Mo. 633; 1 McQuillin's Pleadings & Practice, sec. 161; Telford v. Coggins, 76 Ga. 683; Vol. 20 Ency. Pl. & Pr. 1131;

Lyon v. Crew Levick Co., 63 Ill. App. 329; Hammond
v. People, 32 Ill. 446; Lindsey v. Delano, 78 Iowa 350;
Vogel v. Brown Tp., 112 Ind. 300; Bank v. Jaggers,
31 Md. 38; Trull v. Howland, 10 Cush. (Mass.) 109;
Smith v. Bowker, 1 Mass. 76; State v. Burtis, 34 Mo.
92; Clawson v. Wolfe, 77 N. Car. 100; Burton v. Ins.
Co., 26 Ohio St. 467; Foshier v. Narver, 24 Ore. 441;
Genobies v. West, 23 S. Car. 154; Waldrop v. Leonard,
22 S. Car. 120; Smith v. Patton, 6 Taut. 115, W. E. C. L.
330; Vol. 19, Ency. Plead. & Pract., 705; Green v. Re-
serve Ass'n, 79 Mo. App. 179. (4) Sections 660 and 662
should be liberally construed in support of the judg-
ment. Bick v. Wilkerson, 62 Mo. App. 31 l. c. 33; Doan v.
Boley, 38 Mo. 445. (5) S. A. Stone, plaintiff in the orig-
inal judgment, resided in Livingston county; defendant
M. C. Roberts resided in Caldwell county and defendant
G. G. Roberts resided in Carroll county; defendant M.
C. Roberts was found and served in Livingston county,
the residence of the plaintiff, and the court then had
jurisdiction to issue its writ and serve the other defend-
ant, G. G. Roberts, in Carroll county. The court ac-
quired jurisdiction over the subject-matter of the ac-
tion and over the defendant, M. C. Roberts, by service
on her in Livingston county, and jurisdiction once ac-
quired is never lost. Sec. 562, R. S. 1899; State v. Mc-
Dougal, 16 Mo. App. 414; Bank v. Knox, 47 Mo. 333-
335; January v. Rice, 33 Mo. 409.

SMITH, P. J.—This is a suit in equity to obtain
an injunction against the defendants to restrain the sale
of real estate under an execution.

The material facts to be gathered from the record
may be grouped in about this way, that is to say, the
plaintiffs G. G. Roberts and Minnie C. Roberts, by the
name of M. C. Roberts, executed their note, the latter
as surety for the former, to the defendant Stone for
two hundred dollars which they neglected to pay at
maturity, so that an action was brought against them by

the payee Stone in the circuit court of Livingston county to recover the amount due thereon. At the time of the commencement of the action the payee resided in Livingston county and one of the makers, G. G. Roberts, resided in Carroll county while the other, Minnie C. Roberts, resided in Caldwell county. The return of the sheriff on the writ of summons shows that the service thereof on the last-named defendant was in Livingston county by the delivery to her of a certified copy of the petition and writ. And it further appears from the return made on the writ by the sheriff of Carroll county that the defendant G. G. Roberts was served in that county, at a date subsequent to the service on his codefendant, by the delivery to him of a certified copy of the petition and writ. At the return term of the writ neither of the defendants appearing, judgment by default was given against them for the amount due on the note. Subsequently, a writ of execution was issued on the judgment directed to the sheriff of Livingston county which was levied on certain real estate in which the defendants had, since the rendition of the judgment, by descent acquired an interest. Defendants, after the acquisition of the interest in the said real estate and prior to the execution levy, conveyed that interest by deed to a brother, A. G. Roberts. This suit was brought by the said A. G. Roberts and the two judgment defendants against the judgment plaintiff and the sheriff, the object of which was as stated at the outset.

The plaintiffs' petition alleged, *inter alia,* that the writ of summons in the action on the promissory note aforesaid was never served on the defendants, or either of them; that the return of service indorsed on said writs was false, and that the court in which the judgment was given was without jurisdiction of the person of the defendants therein, or either of them; that the defendants therein had a meritorious defense to said action in that said note therein sued on was without any

supporting consideration and was given to avoid a threatened criminal prosecution, etc. The answer was a general denial. There was a hearing of the case by the court resulting in a decree setting aside the temporary injunction which had been previously granted and a dismissal of the petition. The plaintiffs appealed.

The vital question presented is, whether or not the service of the original process in the action hereinbefore referred to was sufficient under the statute—section 562, Revised Statutes —, to confer jurisdiction of the person of each of the judgment defendants? and according to the ruling of the Supreme Court in Christian v. William, 111 Mo. 436, it was as to Minnie C. Roberts, but not as to G. G. Roberts. It results from this that the said judgment is valid as to the former and invalid as to the latter, and that therefore the decree in the present case must be affirmed as to such former defendant, Minnie C. Roberts, and reversed and cause remanded as to such latter defendant, G. G. Roberts. All concur.

OPINION ON MOTION FOR REHEARING ON THE PART OF M. C. ROBERTS AND A. G. ROBERTS, APPELLANTS.

SMITH, P. J.—This is a motion filed by plaintiffs for a rehearing on the ground that there was no service of the original process on M. C. Roberts in the action of S. A. Stone against M. C. Roberts and G. G. Roberts. In the first opinion delivered by us in the present case it was said, touching this point:

"The certified copy of the petition and writ served on the defendant Minnie C. Roberts by the name of M. C. Roberts was directed to her alone. The plaintiffs produced this copy at the trial from which it appeared that while the name of the defendant M. C. Roberts was omitted therefrom, that of the other defendant, G. G. Roberts, was not. This omission was a defect in the writ, or in the service thereof, which could no doubt

have been taken advantage of by an appropriate plea; but failing to interpose such plea, it was not available after judgment. R. S., secs. 660-672; Kronski v. Railroad, 77 Mo. 362; Parry v. Woodson, 33 Mo. 347; Skelton v. Sackett, 91 Mo. 377; Robinson v. Mo. Ry. Construction Co., 53 Mo. 435; Turner v. Gregory, 151 Mo. 100; Corrigan v. Schmidt, 126 Mo. 1. c. 311; Green v. Assn., 79 Mo. App. 179; Weber v. Ebling, 2 Mo. App. 15.

"The defendant M. C. Roberts was served by the name of G. G. Roberts. The copy of the petition to which the writ was attached stated the name of the plaintiff and that of both of defendants as well as the cause of action correctly, so that the defendant M. C. Roberts was in no way prejudiced by the omission of her name from the copy of the writ. Parry v. Woodson, 33 Mo. ante, and authorities cited in defendant's brief.

"The whole matter is that the right defendant was served but by a wrong name through a clerical error. The judgment on such service was given against her by her right name and was, we think, binding.

"But it is contended that the deputy sheriff who certified by his return that he had served the defendant M. C. Roberts with a duly certified copy of the petition and writ did not do so in fact, but, on the contrary, that he never delivered the copy of the petition and writ, produced by plaintiffs in evidence, to defendant M. C. Roberts.

"An examination of the evidence shows a sharp and irreconcilable conflict between the testimony of M. C. Roberts, her brother-in-law, and sister, and that of the deputy sheriff and the witness McCluen, touching the service of the writ by the said deputy sheriff. Taking the facts and circumstances testified to by the plaintiff and her own witnesses, and we can not doubt the truth of the deputy sheriff's testimony, nor the correctness of the return made by him on the writ.

"In a case of this kind the rule is, that the reviewing courts will greatly defer to the finding of facts by the trial court. Hartley v. Hartley, 143 Mo. 216, and cases there cited.

"This is not a case where there was no service at all on the defendant first served, but a defective service, which defect was waived by the failure of the defendants to plead the defect in abatement."

In the plaintiff's motion for rehearing on that opinion—the first—no objection was taken to that part of it just quoted. It was then accepted as correctly ruling on the point now made in the present motion. The plaintiff contends that the trial court made no finding of facts in this case. A reference to the decree shows a general finding, which was all that was required; and especially so, since the plaintiff made no request for a special one. The trial court necessarily found that M. C. Roberts was duly served with summons in the case already referred to.

We shall adhere to the conclusion expressed in the opinion from which we have just quoted. We find nothing in Patterson v. Yancey, 71 S. W. 845, at variance with what has just been ruled. Motion overruled.