**AKERS MOTOR LINES, Inc. v.
NEWMAN et al.**

No. 12197.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1948.

Rehearing Denied Aug. 3, 1948.

A. Walton Nall, of Atlanta, Ga., for appellant.

John T. Dennis, of Atlanta, Ga., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Mrs. S. C. Reese, a Georgia resident, originally instituted an action for damages in the Superior Court of Fulton County, Georgia, against appellant, Akers Motor Lines, Inc., a North Carolina Corporation, for personal injuries sustained in a collision between an automobile which plaintiff was driving and a trailer-truck, alleged to be owned by appellant and then being driven by one Garland Warren, while acting within the scope of his employment as its agent and servant. After the complaint was filed, appellant secured an order removing the cause to the Federal district court, and thereupon petitioned that court for leave to file a third-party complaint upon two Georgia residents, R. S. Newman and Garland Warren, alleging that the truck involved in the collision was actually owned by Newman and operated by Warren at the time of the accident, either upon a personal mission, or within the scope of his employment with Newman. Appellant further alleged that it neither owned the truck, nor employed Warren at the time of plaintiff's injury; that if plaintiff was entitled to recover at all, recovery should be had from Newman and Warren. Appellant later amended its third-party complaint with the alternative prayer that, even if the court should determine that appellant was liable to plaintiff, since the negligence charged to it was entirely derivative, it would then be entitled to judgment against either the driver and third-party defendant, Garland Warren, or his employer, R. S. Newman.

On motion of third-party defendants, the district court dismissed the third-party complaint, on the ground that it did not properly have jurisdiction of either the cause of action or the third-party defendants.

The issue presented is whether, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a defendant may cause third parties to be brought into a Federal civil suit to answer along with it to the plaintiff's claim, when the original plaintiff and the third-party defendants are all citizens of the same state, and no other independent ground of Federal jurisdiction appears.

Appellant claims support from that line of cases holding that where a third-party complaint is merely ancillary or subordinate to the principal suit between plaintiff and defendant, no independent ground of Federal jurisdiction in the third-party proceeding need be shown. Williams v. Keyes, 5 Cir., 125 F.2d 208; Bossard v. McGwinn, D.C., 27 F.Supp. 412; Lewis v. United Air-Lines Transportation Corporation, 29 F. Supp. 112, 115. These authorities are not applicable or controlling here.

We are of opinion the district court properly dismissed the third-party complaint for lack of jurisdiction. We do not construe appellant's complaint as merely asserting a right to indemnity ancillary to the main suit, but rather as substituting a wholly separate and distinct cause of action from that alleged in the original complaint. We refuse to countenance an anomaly of construction which would permit non-resident defendants, after causing suits against them to be removed into the Federal courts, to force a plaintiff, through third-party proceedings under Rule 14(a), to litigate against residents of his own state whom he has not elected to sue. Rule 14 (a), Rule 82, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Friend v. Middle Atlantic Transp. Company, 2 Cir., 153 F.2d 778, 779; Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481,

484; Hoskie v. Prudential Life Ins. Co., D.C., 39 F.Supp. 305.

It follows that the third-party complaint was properly dismissed, and the judgment is therefore affirmed.