STATE EX REL. MARY JANE BARTLETT, Relator, v. THE HONORABLE JOE W. McQUEEN, Judge of Division Number Six of the Circuit Court of Jackson County, Missouri, at Kansas City, Respondent, No. 42298—238 S. W. (2d) 393.

Court en Banc, March 12, 1951.

Rehearing Denied, April 9, 1951.

*Henry M. Shughart, Harry P. Thomson, Jr.,* and *Shughart & Thomson* for relator.

1030

*Stanley Garrity, W. H. Sanders* and *Caldwell, Downing, Noble & Garrity* for respondent.

[394] DALTON, J.—This is an original proceeding in prohibition to prevent respondent, a circuit judge in Jackson county, from assuming jurisdiction over the person of relator in an action pending before him in the circuit court of said county. The question of jurisdiction turns upon the construction of the venue statute, Sec. 508.010 R. S. 1949, Sec. 871 Mo. R. S. A. 1939. The facts are not in dispute.

On July 3, 1949, Roscoe M. Laurie instituted an action for damages for personal injuries in the circuit court of Jackson county (case No. 529,605) against Mary Jane Bartlett and Merle Bartlett. The injuries were alleged to have been sustained in an automobile-motorcycle collision in Clay county as a result of the negligence of Mary Jane Bartlett, while she was operating the automobile as the agent and servant of defendant Merle Bartlett. Plaintiff Laurie was then a resident of Jackson county and the defendants Bartlett, husband and wife, were residents of Platte county. Process was duly issued and served on defendant Merle Bartlett in Jackson county, he being found therein, but the sheriff made a non est return as to Mary Jane Bartlett. An alias summons was, thereafter, issued and served upon Mary Jane Bartlett in Platte county. Defendant Merle Bartlett appeared in the circuit court of Jackson county and filed his separate answer to the merits of said cause, but his co-defendant, Mary Jane Bartlett (relator herein), appearing specially for the purposes of her motion, moved to quash the summons, service and return on the ground that there was no proper venue in the circuit court of Jackson county as to her; and that the issuance of process and service thereof in Platte county was insufficient to confer jurisdiction over her person. She relied upon what is now Sec. 508.010, supra, to show want of proper venue and jurisdiction over her person. The motion to quash was overruled. She thereupon filed in this court her petition for a writ of prohibition and our preliminary rule in prohibition was duly issued.

Respondent's return admits that he claims authority to proceed to hear and determine the issues involved in the pending cause against relator. Respondent's position is that the action having been filed against two defendants in the county of plaintiff's residence and one of defendants [395] being found in said county, and having been properly served with process therein, venue became fixed and estab-

lished under Sec. 508.010, supra, in the circuit court of Jackson county; and that summons could, thereafter, be issued for service upon any other defendant in any county in the state and jurisdiction could properly be obtained over the person of such defendant or defendants. Sec. 506.170 R. S. 1949, Sec. 847.29 Mo. R. S. A. 1939.

Relator's position is that "the circuit court of Jackson county has neither venue nor jurisdiction in suit No. 529,605 (the pending suit) * * * because the relator was not found in Jackson county and neither of the defendants in said suit were residents of Jackson county * * * and the suit was * * * not brought in the county of residence of one of the defendants, all as required by Sec. 871 R. S. 1939," now Sec. 508.010, supra.

Section 508.010 R. S. 1949, in part, provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county; * * *."

Respondent argues that, since the court acquired jurisdiction to determine the cause of action between plaintiff and one defendant (the one found in the county of plaintiff's residence), the venue of the action for all purposes and as against all parties-defendant was finally established; and that process could then be issued and served in any county in the state and the court would acquire jurisdiction of the person of such defendants so served. Respondent says that "the true question is whether the Jackson county circuit court properly and lawfully acquired jurisdiction of the person—not venue—over relator who was served in another (Platte) county."

Respondent is in error, the venue statute must be met and complied with as to each defendant. Proper venue is necessary before the service of process will confer jurisdiction over the person of a defendant. Yates v. Casteel, 329 Mo. 1101, 49 S. W. (2d) 68, 70; Hankins v. Smarr, 345 Mo. 973, 137 S. W. (2d) 499, 501; State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S. W. (2d) 404, 407. The general venue statute, Sec. 508.010, supra, was not modified by Sec. 29 of the New Code of Civil Procedure, Laws 1943, p. 353, now Sec. 506.170, supra, with reference to the service of process. Carr Missouri Civil Procedure, Vol. 1, Sec. 121, p. 259. The provisions of the Code with reference to service of process are subject to statutory venue requirements. State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S. W. (2d) 304; Carr Missouri Civil Procedure, Vol. 1, Sec. 139, p. 309.

The action in question (case No. 529,605) was not instituted in a county wherein any or all of the defendants resided. It was instituted in the county where the plaintiff resided and wherein only defendant

Merle Bartlett was found. Relator was not found therein, nor was she served with process in the county of plaintiff's residence.

The mere fact that proper venue, as to one defendant, exists by reason of the fact that he was found and served with process in the county of plaintiff's residence, where the suit was instituted, does not authorize the issuance and service of process on the other defendant in the county of his domicile, unless the venue of the action is proper as to such defendant. Venue, as to such defendant, is not dependent under the statute upon the mere fact that a co-defendant has by accident, inadvertence or design seen fit to come into the county of plaintiff's residence where process could be served upon him. Where an action is instituted in the county of plaintiff's residence against more than one defendant residing in another county or counties, the jurisdiction of the circuit court in which the action is instituted is limited to those defendants found and served with process in the county of plaintiff's residence. The word "defendant" appearing near the close of clause (1) of Sec. 508.010, supra, must be construed to mean defendant [396] in the collective sense. Such has been the view of the appellate courts of this state and of the writers of certain texts, although some of the courts have also considered service statutes (subsequently changed) in connection with the general venue statute. Christian v. Williams, 111 Mo. 429, 436, 20 S. W. 96; Roberts v. Stone, 99 Mo. App. 425, 430, 73 S. W. 388; Conrad v. McCall, 205 Mo. App. 640, 226 S. W. 265, 266; Helfer v. Hamburg Quarry Company, 208 Mo. App. 58, 233 S. W. 275, 277; Houts, Missouri Pleading and Practice Annotated, Vol. I, Sec. 44, p. 46; Houts, Missouri Pleading and Practice Annotated, Vol. I, Cumulative Pocket Part (Wheaton), 1950, Sec. 40, p. 22.

In the recent case of State ex rel. O'Keefe v. Brown, supra, a proceeding in prohibition to prevent the judge of the circuit court of Dade county from assuming jurisdiction over the person of relator therein (O'Keefe), on the ground of improper venue, the facts were somewhat as follows: One Tucker, a resident of Dallas county had been injured in a three vehicle collision involving his automobile, the automobile of O'Keefe and a passenger bus operated by the Crown Coach Company, a corporation. The collision occurred in Vernon county. O'Keefe was a resident of Gentry county and the registered agent, registered office and principal place of business of the Crown Coach Company was located in Jasper county. The corporation operated as a common carrier in Vernon, Dade, Jasper and other counties. Tucker instituted his suit against O'Keefe and the Crown Coach Company in the circuit court of Dade county, where the Coach Company operated and had an office, and service was obtained by service on the secretary of the Public Service Commission. Sec. 508.070 R. S. 1949, Sec. 5735 Mo. R. S. A. 1939. Plaintiff Tucker then had summons issued and served on O'Keefe in Gentry county. It will be noticed

that the suit was not instituted in a county where any of the parties-plaintiff or defendant resided, but venue was proper as to one of defendants, the defendant Crown Coach Company, in view of a special venue statute, Sec. 508.070, supra, Sec. 5735, supra. However, this special venue statute applicable to the corporate, common carrier defendant was held insufficient to fix venue as to its co-defendant O'Keefe, or to authorize the joining of O'Keefe as a defendant in the suit instituted in the circuit court of Dade county. This court held that the circuit court acquired no jurisdiction of the person of defendant O'Keefe, regardless of its proper venue and jurisdiction to determine the cause between plaintiff Tucker and defendant Crown Coach Company.

The Court said: "It is clear that Section 871, Mo. R. S. A., 1939, controls the venue of the suit brought by Tucker. Inasmuch as neither Crown Coach Company nor relator is a resident of Dade county, joinder of relator as a co-defendant in the suit filed by Tucker in the Circuit Court of that county was not authorized by law. Consequently, respondent has no jurisdiction over the person of relator."

In view of the terms of the general venue statute, Sec. 508.010, supra, as we have construed it, and in view of the conceded facts of this case, it appears that respondent has no jurisdiction over the person of relator in the suit pending before him. It is admitted, however, that he will assume such jurisdiction unless prevented by the order of this court. In such situation prohibition lies. State ex rel. O'Keefe v. Brown, supra, and cases cited.

Our provisional rule should be made absolute unless and until valid service of process be obtained. It is so ordered. All concur.