STATE of Missouri ex rel. Howard
CARNEY, Relator,

v.

Honorable Andrew J. HIGGINS, Judge of
the Circuit Court within and for the County
of Platte, State of Missouri, Respondent.

No. 48907.

Supreme Court of Missouri,

En Banc.

Dec. 11, 1961.

Alvin C. Randall, Dwight L. Larison,
Hogsett, Houts, James, Randall & Hogsett,
Kansas City, for relator.

William H. Sanders, Dean F. Arnold,
Caldwell, Blackwell, Oliver & Sanders,
Kansas City, David R. Clevenger, Platte
City, for Continental Builders, Inc.

EAGER, Judge.

This is an original proceeding in prohibition in which we issued our preliminary rule. The question involved is one of venue under the third-party practice.

Mr. and Mrs. Thomas Hott owned a residence property in Clay County; they contracted with Continental Builders, Inc., a Missouri corporation, for the construction of a basement under the house. Continental, in turn, subcontracted the excavation work to one Howard Carney; while Carney or his agent was using a highloader in excavating under the house it struck one or more weight-bearing supports, causing much of the house to collapse. The Hotts, residents of Clay County, sued Continental in that county alleging breach of contract in one count and negligence in another; they prayed judgment for $10,000. Continental, as the sole defendant, was served in Jackson County where its principal office was located; that, of course, may properly be done where it is the sole defendant and the suit is filed in the county where the cause of action accrued. Section 508.040.[1] Continental, within due time, but so far as the record shows, without leave or order of court, filed a third-party petition alleging that if plaintiffs' house was damaged, all such damage was caused by the negligence

---

1. All statutory references are to RSMo1959 and V.A.M.S.

of Carney, his agents and employees, and that if Continental was held liable it should have judgment over against Carney; therefore, it prayed judgment against Carney for all sums for which it might be held liable to plaintiffs. Carney was served with a third-party summons in Jackson County, the place of his residence. Thereafter, upon Continental's application for a change of venue on the ground of prejudice of the inhabitants, the cause was transferred to Platte County; that makes no difference in the status of the case here, for the Court in Platte County acquired only a derivative jurisdiction. Carney filed there his motion as third-party defendant to quash the service on him and to dismiss the third-party petition on the ground that the court had acquired no jurisdiction over him because of improper venue, setting up also the respective residences of the parties. Thereafter plaintiffs filed an amended petition, increasing their prayer for damages to $25,-000, and adding Carney as a defendant. No summons was issued to him thereon, and a copy of the amended petition was merely mailed to his attorneys. Subsequently Carney filed a motion to dismiss the amended petition for the reasons already stated in his motion to quash and dismiss and for the additional reason that there had been no summons or service on said amended petition. On April 21, 1961, the court overruled Carney's "Motion to Quash and Motion to Dismiss," which, as we understand it, was a ruling solely upon his first combined motion. This, of course, constituted a ruling adverse to Carney's contention of improper venue.

■ We note that the return here is filed in the name of Continental as "a party to be adversely affected," as are also the briefs opposing relator. This is improper, as prohibition runs solely against the Respondent Judge, and other parties should not appear. However, the case involves a matter of some public interest and we shall disregard the error and consider the documents as filed on behalf of Respondent.

The difficulty here arises from the fact that neither our third-party statute, § 507.-080 (and see Rule 52.10, V.A.M.R.), nor the general venue statutes (Ch. 508) contain any specific venue provisions governing the third-party practice. In essence, Respondent says that the third-party claim here is merely ancillary to the original suit and that the general venue requirements do not apply; hence, venue being proper in the original suit, a third-party summons may run to any county. Relator insists that the general venue statute, § 508.010, is controlling and that the venue as to Carney lies solely in the county of his residence or in the county where third-party plaintiff resides and the third-party defendant may be found (which would be the same county in this instance); also, that the filing of the amended petition adopting Carney as a defendant added nothing by way of venue to the previously invalid proceedings against him, even had he been served in Jackson County.

The only Missouri case on the subject is Memphis Bank and Trust Co. v. West, Mo. App., 260 S.W.2d 866. There, a replevin suit was instituted in Montgomery County by a nonresident corporation against a resident of that county; the subject of the action was a truck and the suit was based upon the breach of a conditional sales contract. Defendant filed a counterclaim alleging a conspiracy to defraud, and also filed a third-party petition for damages against the one from whom he bought the truck, alleging fraud in the sale of the truck to an innocent purchaser without disclosing the encumbrance. The third-party summons was served in Oregon County, but the third-party defendant did not appear. No instructions were offered or submitted on the third-party claim; however, after losing on the merits of plaintiff's claim, the original defendant appealed and therein he claimed, somewhat incidentally, that the judgment was erroneous because it did not dispose of the third-party claim. Thereon the court said, loc. cit. 879: "This service would not have been sufficient to confer jurisdiction

over Connie Ehrhardt had the suit been an original action filed in Montgomery County. Yates v. Casteel, 329 Mo. 1101, 49 S.W.2d 68.

"Section 507.080 RSMo 1949, V.A.M.S., which authorizes third-party practice, does not purport to extend the venue statute, Section 508.010, RSMo 1949, V.A.M.S. It is our opinion, therefore, that the court in the case at bar acquired no jurisdiction over the person of Connie Ehrhardt by virtue of the process issued and served in Oregon County, and that the court should have dismissed said third-party petition before proceeding to trial." Respondent in our case says that the third-party claim there was not "merely ancillary" and that it involved an independent claim. We see little distinction between the basic situation there and here; in each case the original defendant was, in effect, seeking indemnity over against the one who was allegedly responsible for any liability which he, the defendant, might have incurred or for any loss which might be imposed upon him.

Respondent relies chiefly upon federal authorities and texts. Many of those cases are confused by an intermingling of discussions of jurisdiction, considered from the standpoint of a necessity for diversity of citizenship, and of venue under the federal statute. Moore's Federal Practice, Vol. 3, p. 504, is cited; the author seems to say that if the third-party claim is "sufficiently ancillary" to obviate the jurisdictional objection to a lack of diversity, it should also be considered ancillary so as to eliminate the original venue requirements. But the author recognizes that "the courts have not been in accord on this matter." And he also notes that the third-party summons "will not normally run outside the state" and that this affords "a great deal of protection." Those authorities do not really present a situation comparable to ours, and we need not discuss them at any great length. Respondent cites, with some emphasis, the case of Lesnik v. Public Industrials Corp. (C.A. 2), 144 F.2d 968.

977. There some broad language was used, but the question of venue arose solely on a counterclaim filed by the defendant against the plaintiff and certain new parties, which was based on conspiracy; the suit was pending in New York, but some of the new parties lived in New Jersey. Essentially, the court construed the venue statute referring to "a civil suit commenced by original process" as not applicable to the counterclaim. The new parties were apparently found and served within the district and the court said that the cause was "already localized" there, and could be more "conveniently" disposed of there.

In Lewis v. United Air Lines Transport Corp. (D.C.Conn.), 29 F.Supp. 112, the court said, in part, loc. cit. 115: "Thus gradually was evolved a doctrine that a federal court having jurisdiction of a civil action was vested with ancillary jurisdiction over a supplemental proceeding dependent upon the principal suit even though the supplemental proceeding, viewed independently, lacked the attributes of federal jurisdiction, provided the subject-matter of the supplemental proceeding was '(1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or obtain an adjudication of liens upon, or claims to property in the custody of the court in the original suit. Such a dependent suit is but a continuation in a court of equity of the original suit, to the end that more complete justice may be done.' * * Indeed, until the new Federal Rules of Civil Procedure became effective, apparently no case went so far as to hold that an action in personam by one tort-feasor against his co-tort-feasor or against any other third person could constitute the subject-matter of a jurisdiction which was ancillary to that obtaining in an original action on the tort. Generally such actions were viewed as original actions, rather than merely supplemental proceedings." That case involved several death suits against the air line; it sought to bring in Bethlehem Steel Company as a third-party defendant, alleging

that it had furnished a defective forging. The third-party petition was dismissed on the ground that the court, though having jurisdiction of the subject matter, had not acquired jurisdiction of Bethlehem's person. The court further held that the so-called ancillary bill or third-party complaint was necessarily an original action within the meaning of Section 51 of the Judicial Code, 28 U.S.C.A. § 112 * for purposes of jurisdiction over the person of the new defendant.

We note here, as typifying the divergence in the federal cases, that in Morrell v. United Air Lines Transport Corp. (S.D.N.Y.), 29 F.Supp. 757, a New York District Court held on substantially the same facts as in Lewis, supra, that the defendant might bring in Bethlehem on a third-party petition, it being a resident of Pennsylvania, but apparently having been served in the District. The court there held that the third-party claim was ancillary both from the standpoint of jurisdiction and of venue. Yet, even there, it was recognized that the third-party defendant must be served in the District where the suit was pending. See, also, Gray v. Hartford Accident & Indemnity Co. (D.C.La.), 31 F.Supp. 299, as generally in agreement with Morrell, supra, but containing a rather cursory discussion of the subject. As disallowing such a third-party claim on the ground of improper venue, see King v. Shepherd (D.C.Ark.), 26 F.Supp. 357. And as holding that an attempt by one alleged tort-feasor to bring in another (as a third-party defendant) alleged to be wholly or jointly responsible, is not an ancillary proceeding but an independent cause of action, see: Saunders v. Baltimore & O. R. Co. (D.C.W.Va.), 63 F. Supp. 705; Akers Motor Lines, Inc. v. Newman (C.A. 5), 168 F.2d 1012.

We are not persuaded that the federal authorities are of any real assistance to Respondent in our case. Some, in fact, constitute authority that the present third-party claim is not ancillary, but is a distinct and independent suit. We do not feel that Respondent's cited analogy of garnishment proceedings (Smith v. Bankers Life Insurance Co. of Nebraska, Mo.App., 170 S.W.2d 111) is comparable; attachment and garnishment constitute merely a method of "impounding the defendant's assets and collecting the judgment * * * if one is obtained on the merits," State ex rel. Auchincloss, Parker & Redpath v. Harris, 349 Mo. 190, 159 S.W.2d 799, 805, and may be pursued wholly independently of any jurisdiction over the person. Respondent also urges that the general venue statute, § 508.010, is not applicable here because it is confined to suits "instituted by summons," as provided for in § 506.110, and that "this third party action was not so commenced." We see no merit whatever in this point. A third-party petition or claim is also instituted by summons, the only difference being that the court grants leave to serve the summons (Rule 52.10; § 507.080), whereupon it is issued by the clerk in like manner as in any ordinary suit.

■ There can be no doubt that venue would be improper under § 508.010 in a suit in Clay County by Continental against Carney; it would also be improper in a suit there by the Hotts against Continental and Carney. In the first instance, neither party resides in the county of suit, and subdivision (1) would preclude the action. In the second instance, a suit against a corporation and an individual must be filed in a county in which one of the defendants resides. Section 508.010(2). State ex rel. Columbia National Bank of Kansas City v. Davis, Banc, 314 Mo. 373, 284 S.W. 464; State ex rel. Whiteman v. James, Banc, 364 Mo. 589, 265 S.W.2d 298. And even if one defendant is found and served in the county of plaintiff's residence, the suit being filed there, service upon another defendant in a different county where he lives is invalid. State ex rel. Bartlett v. McQueen, Banc, 361 Mo. 1029, 238 S.W.2d 393. Neither § 507.080 governing third-party practice nor Rule

* Now 28 U.S.C.A. § 1391.

52.10 (and the Rules, incidentally, do not purport to affect venue, see Rule 51.01) contain any provision whatever broadening venue requirements on a third-party claim; in fact, neither contains *any* venue provisions. We note by analogy, however, § 509.470 (in our Code Chapter on Pleadings) as follows: "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in this code if jurisdiction of them can be obtained." The significant words here are: *"if jurisdiction of them can be obtained."* This appears to us to state ·a legislative intent in a situation somewhat analogous. Proper venue is an essential element of judisdiction over the person. State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62; State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393.

■ Essentially, we are asked to extend the venue statutes by the device of holding that there are no venue requirements or limitations on a third-party claim. We are unwilling to do so. The convenience and protection of a defendant is at least one essential reason for the enactment of venue statutes. As a practical matter, we may easily foresee a possibility of serious abuses of process if the practice here sought is permitted, particularly in cases where there may be connivance between the plaintiff and the original defendant. We hold here that the third-party petition was a suit instituted by summons and that it was and is subject to § 508.010. Thus, there was no proper venue or service on the third-party petition and the motion to quash the service and dismiss it should have been sustained. To hold otherwise would be to legislate into

§ 507.080 (third-party practice) an exception or addition to the general venue statutes, and especially to § 508.010. We are often accused of legislating, without justification, but in any event we decline to do it here advisedly. On the facts of this case we approve the statements made in Memphis Bank and Trust Co. v. West, Mo.App., 260 S.W.2d 866, quoted, supra.

We do not mean to say that there may never be a third-party claim which is so inseparably linked with, and ancillary to, the original suit as to derive proper venue therefrom. This, however, is not such a case. It has been said that in a third-party indemnity claim, "two distinct lawsuits proceed side by side." 3 St. Louis University Law Journal, pp. 346–347. And here Continental seeks relief entirely outside· the original suit. 92 C.J.S. Venue, § 61, p. 765. If the legislature wishes to permit the bringing in of substituted defendants, joint tort-feasors, or possible indemnitors from all over the state on˙third-party petitions, then we think it should act accordingly. As we understand the order of the trial court, it did not rule on Carney's motion to dismiss the amended petition of plaintiffs joining him as a defendant. Under our ruling that petition should be dismissed as to him, as should the third-party petition. There was no service of summons upon the amended petition, and in any event the venue as against the defendants jointly would have been improper, as already pointed out. Since no objection has been made,·we do not rule or comment further upon the apparent failure to procure leave to file the third-party petition and serve summons. Section 507.080; Rule 52.10.

The preliminary rule in prohibition will be made absolute; it is so ordered.

All concur.