STATE of Missouri, ex rel. Denise M.
LINEBACK, Relator,

v.

Honorable M. Keithley WILLIAMS,
Associate Circuit Judge, 29th
Judicial Circuit, Respondent.

No. 16587.

Missouri Court of Appeals,
Southern District,
Division One.

April 11, 1990.

Bruce A. Bailey, Warrensburg, for relator.

Douglas K. Crandall, Crandall & Dally, Carthage, for respondent.

PARRISH, Judge.

Relator, Denise M. Lineback (Denise), was formerly married to David D. McKinney (David). There were two children of that marriage, Denny, born September 2, 1976, and Michael, born April 24, 1981. The marriage was dissolved June 11, 1984, by the District Court of Butler County, Kansas. Denise and David were residents of Kansas at that time. The Kansas court granted the parents "joint custody" of the children. Denise received "residential custody." David received visitation rights.

Both Denise and David now reside in Missouri. Denise is a resident of Johnson County. David resides in Jasper County. On April 24, 1989, David filed a motion to modify the Kansas court's custody order. He filed that motion in the Circuit Court of Jasper County. It is case number CV289–97DR. Service of process upon Denise was directed to Johnson County. She was served there May 3, 1989. She then filed a motion to quash service of process, or, in the alternative, a motion to dismiss the motion to modify. The respondent judge denied those motions, appointed a guardian ad litem for the children, and set the custody motion for trial.

Denise, as relator, filed her petition in prohibition in this court seeking to prohibit the respondent judge from proceeding in case number CV289–97DR. Denise alleges that the Jasper County Circuit Court lacks jurisdiction due to improper venue. This court issued its order to respondent judge ordering the judge to cease and desist from further action in case number CV289–97DR and directing respondent to show cause, by filing appropriate suggestions with this court, why a preliminary order in prohibition should not issue. Suggestions in opposition to the petition for prohibition were filed. Preliminary order in prohibition was issued. The preliminary order in prohibition orders respondent to take no further action in case number CV289–97DR until further order of this court. That preliminary order in prohibition directed respon-

dent to file an answer to relator's petition. That answer has been filed. Thereafter, briefs were filed as provided by Rule 84.24.

Relator suggests that David's motion to modify the Kansas custody order is an original action in Missouri and is, therefore, subject to Missouri's general venue statute, § 508.010.[1] The pertinent part of § 508.010 states:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;

. . . . .

Although no Missouri case was found on this issue, relator directs this court's attention to a Utah case which addressed similar circumstances within constraints of that state's statutes. *Angell v. Sixth Judicial Dist. Court of Sevier County,* 656 P.2d 405 (Utah 1982).

In *Angell* the former marriage which produced the child custody litigation had been dissolved by a divorce decree from the District Court of Clark County, Nevada. Both of the former spouses moved to Utah following the dissolution. The former husband (Robert) moved to Sevier County, and the former wife (Elda) moved to Washington County. Robert brought an action in Sevier County seeking to modify the custody and support awards made in the Nevada dissolution case. Utah has a venue statute (Utah Code Ann. § 78–13–7 (1953, as amended)), that applies to actions not covered by other special venue provisions. It provides that "the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action."

In *Angell* Robert contended that the general venue statute was not applicable. He suggested that venue should be determined under the Utah statute that establishes venue in divorce actions.[2] The Utah venue provision for divorce actions permits venue to lie in the county of residence of either plaintiff or defendant. In *Angell* the Utah Supreme Court concluded that the action seeking modification of child custody provisions of the Nevada divorce decree was, for purposes of venue, not one for divorce, nor one brought to modify a divorce decree issued by a court of Utah; and, therefore, that it was an original action in Utah governed by the general venue statute, § 78–13–7. Venue was proper in the county where Elda (defendant) resided, Washington County, not the county where Robert (plaintiff) resided, Sevier County.

Missouri has similar venue statutes to those of Utah in that it has a general venue statute, § 508.010, and a special venue statute for dissolution of marriage actions, § 452.300. Unless the Utah case was decided on other grounds, its rationale would appear appropriate for consideration in determining the issues before this court.

Respondent suggests that the result reached in *Angell* was not based upon an interpretation of Utah venue statutes, but was based upon a theory that Robert, as the party initiating the action, had "unclean hands."[3] Respondent suggests that this was the reason Robert was not permitted to maintain the Utah child custody action in his county of residence. A careful reading of *Angell* does not support that claim. The result reached in *Angell* was based upon the Utah court's determination that the action seeking modification of a foreign custody decree was an original Utah action, and, therefore, that state's general venue statute applied rather than a special venue statute applicable in actions for divorce.

Missouri's general venue statute, with respect to actions between Missouri residents, provides for venue to be in a defendant's county of residence or in plaintiff's

**1.** All citations to statutes are to RSMo 1986, unless otherwise stated.

**2.** The Utah venue statute for divorce is Utah Code Ann. § 30–3–1 (1953, as amended).

**3.** Robert failed to return the children to Elda following a scheduled visitation.

county of residence *if defendant can be served there,* or, in a tort action (other than for defamation), in the county where the cause of action accrued. § 508.010(1) and (6). Missouri has special venue provisions for dissolution of marriage actions and for petitions for modification of child custody decrees in instances in which the original proceeding originated in Missouri. Missouri's venue statute applicable to dissolution of marriage actions is § 452.300. It provides with respect to venue:[4]

> 1. The rules of the supreme court and applicable court rules apply to all proceedings under sections 452.300 to 452.-415. The proceedings shall be had in the county where the plaintiff resides, and the proceedings may be directed, in the first instance, in any other county in the state where the defendant resides.

.    .    .    .    .

Section 452.455 applies to modification of child custody decrees. The part of that statute pertinent to this case states:

> 1. Any petition for modification of child custody decrees filed under the provisions of section 452.410, or sections 452.-440 to 452.450, shall be verified and, *if the original proceeding originated in the state of Missouri, shall be filed in that original case,* but service shall be obtained and responsive pleadings may be filed as in any original proceeding. (Emphasis added).

.    .    .    .    .

Respondent suggests that § 452.300.1 serves as a special venue statute for original actions to modify foreign child custody decrees. Respondent bases that suggestion upon a consideration of § 452.300.1, together with § 452.410. Respondent's brief draws this court's attention to that part of § 452.300.1 which directs that pro-

ceedings under §§ 452.300 to 452.415 "shall be had in the county where the plaintiff resides, and the proceedings may be directed, in the first instance, in any other county in the state where the defendant resides." Respondent suggests that this language, together with language from the last sentence of § 452.410, creates a special venue provision in Missouri law applicable to modification of custody decrees originally entered "by any court of this state or any other state."[5]

Respondent misreads § 452.410. The complete sentence from which respondent extracted the words quoted in the brief states:

> Notwithstanding any other provision of this section or sections 452.375 and 452.-400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, *subject to jurisdictional requirements,* be modified to allow for joint custody in accordance with section 452.375, without any further showing. (Emphasis added).

That sentence is directed to the issue of joint custody, not to the issue of jurisdiction over the person of any litigant, i.e., venue. Joint custody was first authorized in Missouri in 1973. § 452.375 1973 Mo. Laws. That concept was expanded in 1984, effective August 13 of that year. The last sentence of § 452.410 was added in 1984 as part of the revision which expanded the concept of joint custody. The part of § 452.410 quoted in respondent's brief permitted custody decrees entered before August 13, 1984, to be modified on or after August 13, 1984, to award joint custody of children.

The jurisdictional requirement for modifying child custody decrees is set forth in

---

**4.** §§ 452.300 to 452.415 are the statutes relating to dissolutions of marriage. Those statutes do not apply, for purposes of determining jurisdiction, to child custody determinations. Jurisdiction in child custody proceedings is determined by §§ 452.440 to 452.550, the Uniform Child Custody Jurisdiction Act.

**5.** Respondent's argument in the brief filed is: Respondent submits the special venue § 452.300 RSMo applies, by its terms, to all

proceedings under §§ 452.300 to 452.415, which includes § 452.410 RSMo specifically providing for the modification of *custody decrees,* which we have in the instant case. Section 452.410 RSMo specifically refers to the modification of "any custody order entered by any court in this state *or any other state prior to August 13, 1984* ..." The decree here was entered June 11, 1984.

the first sentence of § 452.410, viz., "The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450." As noted previously in this opinion, § 452.455 is a special venue provision for petitions for modification of child custody decrees; however, that statute applies only to child custody decrees in which the original proceeding originated in Missouri. Section 452.455 specifically applies to "[a]ny petition for modification of child custody decrees filed under the provisions of section 452.410, or sections 452.440 to 452.450." Section 452.-300.1 is not a special venue provision for actions seeking modification of child custody decrees.[6]

In summary, original actions involving a plaintiff and defendant who are both residents of Missouri may be brought (1) in the county of residence of the defendant; or, (2) in the county of residence of the plaintiff *if* service of summons can be obtained on defendant in that county. *State ex rel. Bartlett v. McQueen,* 361 Mo. 1029, 238 S.W.2d 393 (Mo. banc 1951). *See also* Adoor and Simeone, *The Law of Venue in Missouri,* 32 St. Louis U.L.J. 639, 651–54 (1988). Other statutes limit the applicability of this general venue provision. One such limitation is found in § 452.300. Section 452.300 establishes venue in dissolution actions in the county in which the plaintiff resides without the requirement that the defendant in a dissolution action be served within that county. Section 452.-455 establishes venue in actions for modification of child custody decrees in which the original proceeding originated in Missouri. Section 452.455 establishes venue for that type of child custody modification proceeding in the county in which the original decree was entered. There is no limitation, however, of the general venue statute, § 508.010(1), with respect to an action to modify a child custody decree in which the original proceeding occurred in a foreign state. Language of the Utah court in *Angell,* with respect to venue in an action to modify a foreign child custody decree, is equally applicable to case number CV289–97DR.

> But this is not an action [for dissolution of marriage], nor is it an action to modify a [dissolution] decree issued by a court of this State, which would properly be brought in the forum which issued the decree. This action is brought to modify a foreign decree, and is an original action in this State.

*Angell, supra,* at 406–07. The case of McKinney v. McKinney, No. CV289–97DR, in the Circuit Court of Jasper County, Missouri, is an original action in Missouri. Its venue, as between plaintiff and defendant who are both Missouri residents, is determined by § 508.010(1), viz., "either in the county within which the defendant resides [Johnson County], or in the county within which the plaintiff resides [Jasper County], and the defendant may be found." The defendant (Denise) was not found, for purposes of service of process, in Jasper County. Therefore, the Circuit Court of Jasper County, Missouri, has no jurisdiction over the person of defendant (Denise) in case number CV289–97DR.[7]

The matter before this court is an original proceeding in prohibition. Having found venue to be improper and the trial court to be without jurisdiction, prohibition will lie. *Sperry Corp. v. Corcoran,* 657 S.W.2d 619 (Mo. banc 1983); *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo. banc 1979). The preliminary order in prohibition of November 7, 1989, is made absolute. Respondent judge is ordered to take no further action in case number CV289–97DR other than to dismiss that action in the Circuit Court of Jasper County, Missouri,

---

6. *See Robinson v. Robinson,* 628 S.W.2d 689, 690 (Mo.App.1982), and *Matsel v. Akins,* 624 S.W.2d 180, 181 (Mo.App.1981), regarding venue for motions to modify child custody decrees in which the original proceedings originated in Missouri.

7. This is consistent with the discussion of venue in 24 Am.Jur.2d *Divorce and Separation* § 1007

(1983), which states, "On the other hand, an independent action for modification, which, as appears above, ... is governed, in the absence of a particular statute to the contrary, by the general venue statutes, including the provision that an action must or may be maintained in the county of the defendant's residence."

without prejudice, for lack of jurisdiction over the person of the defendant therein.

CROW, P.J., and PREWITT, J., concur.