**STATE ex rel. FORD MOTOR COMPANY, Relator,**

v.

**The Honorable Michael W. MANNERS, Respondent.**

No. SC 86065.

Supreme Court of Missouri,
En Banc.

May 10, 2005.

Robert T. Adams, Steven D. Soden, Douglas W. Robinson, Kansas City, MO, for Relator.

J. Kent Emison, Robert L. Langdon, Lexington, MO, W. James Foland, Kansas City, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

Plaintiff served an employee of Ford Motor Company with process in Jackson County. Because the employee was not "an officer, partner, [or] a managing or general agent," Ford was not "found" in Jackson County and venue is not proper under section 508.010(1).[1] *See* sec. 506.150. The preliminary writ of prohibition is made absolute.

## I. Facts and Procedure

This lawsuit arose from a car accident that occurred in Chariton County, Missouri, involving a 2000 Ford Windstar. Plaintiff, Rusty Herring, brought suit on behalf of his children, who were passengers in the van. Mr. Herring is a resident of Jackson County, Missouri. There are two defendants: Mr. Danny Baker, the representative for the estate of the van's driver, and Ford Motor Company, the manufacturer of the van. Mr. Baker eventually agreed to venue in Jackson County, but Ford did not. Ford is a Delaware corporation with its principal place of business in Detroit, Michigan, and maintains its registered agent in Saint Louis County, Missouri.

Mr. Herring filed suit in Jackson County. He served Roger Burnett, an employee of Ford Motor Company, with a copy of the petition and summons at the Jackson County Courthouse in Independence, Missouri. Mr. Burnett is a design analysis engineer for Ford and often testifies in product liability trials for Ford. That is why he was at the courthouse in Jackson County.

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

Ford argues that section 508.010(1) of the general venue statute only applies to cases involving a single defendant. Ford also maintains that even if section 508.010(1) applied to multiple defendants, the company has not been "found" in Jackson County as required by 508.010(1).

## II. General Venue Statute

■■■ "Venue is determined solely by statute." *State ex rel. Doe Run Res. Corp. v. Neill*, 128 S.W.3d 502, 507 (Mo. banc 2004). "The primary purpose of Missouri's venue statutes is to provide a convenient, logical and orderly forum for the resolution of disputes." *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo. banc 1993).

Section 508.010 embodies the current general venue statute [2] and provides, in relevant part:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
> (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;
>
> (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county....

Ford argues that subdivision (2) is the exclusive venue provision for cases with multiple resident defendants. This argument is not addressed because Ford was not "found" in Jackson County and subdivision (1) could not provide venue.[3]

Section 508.010(1) provides two locations in which resident defendants may be sued. First "in the county within which that defendant resides" or second, "in the county within which the plaintiff resides, and the defendant may be found." Plaintiff rests his argument for venue in Jackson County upon the fact that service of process was made upon Mr. Burnett, an employee of Ford who was found in Jackson County.

Plaintiff is correct to the extent that the term "found" in section 508.010 requires effective service of process. *See State ex rel. Bartlett v. McQueen*, 361 Mo. 1029, 238 S.W.2d 393, 395 (1951) (overruled on other grounds); *State ex rel. Lineback v. Williams*, 787 S.W.2d 334, 337 (Mo.App. 1990) ("original actions involving a plaintiff and defendant who are both residents of Missouri may be brought ... in the county of residence of the plaintiff if service of summons can be obtained on defendant in that county"); *see Normandy Osteopathic Hosp. v. Gaertner*, 663 S.W.2d 783, 784 (Mo.App.1984); *Kissinger v. Allison*, 328 S.W.2d 952, 957 (Mo.App.1959).

■■■ Plaintiff is incorrect that service of process upon Mr. Burnett constituted service of process on Ford. Section 506.150

---

2. Section 508.010 is amended, effective August 28, 2005, by H.B. 393 enacted by the 93rd General Assembly, 1st session, and subsection (4), the applicable section now states: Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

3. For purposes of this opinion, this Court will assume that the use of the singular "defendant" includes the plural. Section 1.030(2) ("When any subject matter, party or person is described or referred to by words importing the singular number ... several ... persons ... and bodies corporate as well as individuals, are included."); *State ex rel. Bartlett v. McQueen*, 361 Mo. 1029, 238 S.W.2d 393, 395 (1951) (overruled on other grounds).

provides the requirements for valid service of process on a corporation:

Service shall be made as follows:

. . . .

(3) Upon a domestic or foreign corporation . . . by delivering a copy of the summons and of the petition to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or to any other agent authorized by appointment or required by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . .

Plaintiff can serve a corporation outside of its business office, but to be effective, service must be made on "an officer, partner [or] a managing or general agent." *Id.*; Rule 54.13.

■■■ Mr. Burnett is not an officer or partner of Ford. Nor is he a "general or managing agent." Sec. 506.150; Rule 54.13. "A 'managing agent' . . . has generally been defined as one invested with some general powers which involve the exercise of independent judgment and discretion, as distinguished from an ordinary agent or employee who acts in an inferior capacity and under the direction and control of superior authority." C.P. Jhong, Annotation, *Who Is "General" or "Managing" Agent of Foreign Corporation Under Statute Authorizing Service of Process on Such Agent,* 17 A.L.R.3d 625(2a), 1968 WL 15708 (1968). A general agent "mean[s] one who is clothed with general authority to act for the corporation, or one who is authorized to transact the corporate business at a particular place or of a particular department." *Id.* at (23). It is someone who is employed to transact all the business of his principal, or to transact all business of another of a particular kind, or in a particular place, or to do all the acts connected with a particular trade, business, or employment. . . . [O]ne whom one puts in his place to transact all of his business in a particular line, and that such agent has all of the authority over the transaction of such business as the principal had.

*State ex rel. MFA Mut. Ins. Co. v. Rooney,* 406 S.W.2d 1, 4 (Mo. banc 1966) (internal quotations omitted); *see Johnson v. State,* 925 S.W.2d 834, 835–36 (Mo. banc 1996); *Morrow v. Caloric Appliance Corp.,* 372 S.W.2d 41, 47 (Mo. banc 1963); *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 469 (Mo.App.1975).

Mr. Burnett was an engineer employed by Ford to consult, testify for, and sit in for Ford at another trial in Jackson County. He did not have any general power or independent judgment over Ford. Nor was he "clothed with general authority" to act for Ford. At most he was a specific agent of Ford for purposes of that trial. Because Ford has not been "found" in Jackson County, venue is improper there under section 508.010(1) as it would not be fair, convenient, or logical to all of the parties.

## III. Waiver of venue

■■■ Mr. Herring also claims that Ford's objections to venue have been waived by its co-defendant, Mr. Baker, who submitted to venue in Jackson County. "[A]ny waiver of improper venue by [another co-defendant] is not controlling or binding in any manner on defendant. . . ." *State ex rel. Bowden v. Jensen,* 359 S.W.2d 343, 345 (Mo. banc 1962) (overruled on other grounds). Ford did not waive its own objection to venue, and Mr. Baker's waiver cannot impact on Ford.

## IV. Conclusion

Ford has not been found in Jackson County because service of process on Mr.

Burnett, alone, was insufficient to subject Ford to that venue and because Ford has not waived its objections to venue. The writ is made absolute.

WHITE, C.J., WOLFF, STITH, TEITELMAN and LIMBAUGH, JJ., and BAKER, Sp.J., concur.

RUSSELL, J., not participating.