**HABINA et al. v. M. A. HENRY CO., Inc., et al.**

District Court, S. D. New York.

Jan. 6, 1948.

Leo Gitlin, of New York City, for plaintiffs.

William E. Lowther, of New York City, for Woonsocket Falls Mill.

BONDY, District Judge.

Plaintiffs move under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following Section 723c, for an order permitting them to serve a summons and amended complaint so as to state a claim against the third-party defendants impleaded by the defendant M. A. Henry Co., a New York corporation. The third-party defendant Woonsocket Falls Mill, a Rhode Island corporation, urges that the proper venue of the proposed action against it would be either Pennsylvania, the district of the plaintiffs' residence, or Rhode Island, where Woonsocket Falls Mill was incorporated and resides, plaintiffs' action being founded solely on diversity of citizenship.

The Rhode Island corporation could not have been sued here originally by the plaintiffs over its objection. Rule 14(a) provides that "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." Rule 82 however provides that the Federal rules "shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

It has been held that in the absence of diversity of citizenship between the plaintiff and the third-party defendant, the court lacks jurisdiction of plaintiff's claim against the third-party defendant. Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, certiorari denied, Friend v. Friend, 328 U.S. 865, 66 S.Ct. 1370, 90 L. Ed. 1635; Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305; McDonald v. Dykes, D.C., 6 F.R.D. 569, 570; 1 Moore's Federal Practice, 1946 Supp. p. 370. Contra, Sklar v. Hayes, D.C., 1 F.R. D. 594, 595. See Thompson v. Cranston, D.C., 2 F.R.D. 270, 271, affirmed 2 Cir., 132 F.2d 631, certiorari denied 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698; Morris,

Wheeler & Co. v. Rust Engineering Co., D.C., 4 F.R.D. 307, 310.

However desirable it may be to dispose of all interrelated issues in the same action, Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968, 973, 975, 977, and notwithstanding that objections to venue may be waived, the principle applied in denying the right of a plaintiff to amend his complaint to assert an independent cause of action against a third-party defendant in cases where diversity of citizenship between them is lacking should be applied under the express provisions of Rule 82 in cases in which amendment of the complaint by the plaintiff over the objection of the third-party defendant would result, contrary to the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, in the institution of an original proceeding against the third-party defendant in a district in which neither the plaintiff nor the third-party defendant resides. See 1 Moore's Federal Practice p. 748, n. 32.

Rule 82 apparently precludes any contention that it was intended by Rule 14(a) to modify the applicable venue statute.

The court therefore reluctantly comes to the conclusion that the motion must be denied as to the third-party defendant, Woonsocket Falls Mill.