Constantine ABRAMOVITCH, Plaintiff,
v.
UNITED STATES LINES, Defendant and Third-Party Plaintiff,
United States of America, Third-Party Defendant.

United States District Court
S. D. New York.
June 15, 1959.

Di Costanzo & Klonsky, Brooklyn, and Herman N. Rabson, New York City, for plaintiff, Robert Klonsky, Brooklyn, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for third-party defendant, Benjamin H. Berman, Atty. in Charge, New York Office, and Walter L. Hopkins, New York City, Admiralty and Shipping Section Dept. of Justice, of counsel.

PALMIERI, District Judge.

On June 12, 1958 plaintiff filed a complaint in this Court, seeking recovery from the defendant for injuries which he allegedly sustained while employed as a seaman aboard its vessel. The complaint also claims damages for alleged aggravation of plaintiff's injuries because of "certain medical and operative intervention subsequent thereto, related and consequent to the fault of the defendant." See Balancio v. United States, 2 Cir., 1959, 267 F.2d 135.

On January 7, 1959, and prior to the service of its answer, defendant received permission from the Court to serve a third-party summons and complaint on the United States, alleging that plaintiff's medical treatment had taken place at a United States Public Health Service Hospital, and that the defendant was entitled to indemnity from the United States for any damages which might be recovered against it on account of the alleged aggravation of plaintiff's injuries. The third-party complaint was filed on January 8, 1959, and served upon the United States, together with a third-party summons, on January 12, 1959. On February 17, 1959, the United States served its answer to the third-party complaint and, as it is entitled to do under Fed.R.Civ.P. 14(a), 28 U.S.C.A., its answer to the complaint. The answer to the third-party complaint contained general denials and two affirmative defenses: the plaintiff's contributory negligence and a claim that any negligence was that of independent contractors and not Government employees.

On March 26, 1959 the plaintiff filed a motion seeking permission to amend his complaint to assert directly against the United States a claim arising out of the treatment received at the hospital. Fed. R.Civ.P. 14(a). The United States opposes this motion on the ground that the proper venue for an action by the plaintiff against it under the Federal Tort Claims Act is in the Eastern District of New York (where the hospital is located), or in the District of New Jersey

(where the plaintiff resides). 28 U.S.C. § 1402(b) (1952).[1]

There is pending in the Eastern District of New York an original action commenced by the plaintiff against the United States for the same allegedly negligent hospital treatment as is the subject of the complaint and the putative amended complaint here. Plaintiff seeks the amendment so that all the issues arising out of the accident and subsequent treatment may be resolved between all the parties in one trial. The United States does not claim that it will suffer any inconvenience or prejudice in defending against the plaintiff's claim here rather than in the Eastern District of New York, and it is hard to conceive of any. If the venue statute is applicable, however, it would seem that the United States may rest on the statutory direction as to where the action should be localized, without advancing any example of how the statute benefits it in the particular case. Conversely, plaintiff has, without citation of reason, rejected the Court's suggestion that this action be transferred to the Eastern District of New York. 28 U.S.C. § 1404(a) (1952).[2]

This would have permitted a consolidation of this action with the case pending there against the United States and would have permitted all disputes to be decided between all parties in one trial. If plaintiff may amend his complaint, however, it would not seem to be a proper ground for denying that right, that the result sought may be reached in some other similar way, even if that other way is less doubtful.

The question to be decided is, therefore, whether the requirement of the venue statute applies to the amendment of a complaint to state a claim against the United States where the United States is already in the case as a third-party defendant. If the venue statute does apply, the amendment may not be allowed, even though it would be convenient. Fed.R. Civ.P. 82. I have found only one reported decision and it holds that the venue requirement must be met. Habina v. M. A. Henry Co., D.C.S.D.N.Y.1948, 8 F.R.D. 52. A leading commentator on the Federal Rules takes a contrary view. See 3 Moore, Federal Practice, par. 14.28 [3] (2d ed. 1948).[3]

1. Since plaintiff need not allege that venue is proper, it would appear that the procedurally correct manner in which this issue should be raised is by motion or answer after the complaint has been served. Fed.R.Civ.P. 12(b) (3). The merits of the matter have been fully considered by the Court, however, and there would not appear to be any reason to require the parties to proceed in that manner where they have not raised the issue.

The putative amended complaint also alleges jurisdiction under the Suits in Admiralty Act, 41 Stat. 525 (1920), as amended, 46 U.S.C.A. §§ 741–752. The complaint plainly does not state a claim under that Act, however, and the plaintiff's brief is limited to arguments assuming that jurisdiction of his claim against the United States is based on the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) (Supp.1958).

2. The defendant did not object to such a transfer. The United States objected, however, stating merely that it agreed with plaintiff's position on that point.

3. The question is one which is not likely to arise in many cases, for the venue requirements, if they apply, will often be satisfied. If the jurisdiction of the original action is founded on diversity, and the suit has been brought in the district of the plaintiff's residence, venue of the plaintiff's claim against the third-party defendant will also be proper if the jurisdiction for that claim is similarly diverse citizenship. 28 U.S.C. § 1391(a) (1952). If the jurisdiction of the original action is not founded solely on diversity, or if it was brought in the district of the defendant's residence in a diversity case, venue of the plaintiff's claim against the third-party defendant will depend on whether the suit is pending in the district of the third-party defendant's residence. 28 U.S.C. § 1391(a), (b) (1952). In a case, analogous to this, in which the defendant and third-party defendant reside in different districts within the same state, 28 U.S.C. § 1392(a) (1952) will apply, and where the defendant is a corporation, the provisions of 28 U.S.C. § 1391(c) (1952) will obviate many of the

Whether the venue statute applies depends on whether the amendment of the complaint and the trial of the plaintiff's claim against the United States, is the prosecution of a "civil action," for it is to "civil actions" that the venue statute applies. 28 U.S.C. § 1402(b) (1952). In Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968, the Court of Appeals held that the filing of a compulsory counterclaim against persons not parties to the original action was not, as the venue statute then read, a "civil suit" commenced "by any original process or proceeding," The Judicial Code § 51, 36 Stat. 1101 (1911), as amended, 28 U.S.C. § 112 (1946), so that the venue statute did not apply and the persons counterclaimed against could not defeat the counterclaim because of improper venue. Id., at page 977. The venue statute here at issue does not refer to "original process," but that would not appear to be controlling in light of the Rules' provisions concerning the commencement of a "civil action" and the service of process. Fed.R.Civ.P. 3, 4(a). Cf. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 227–228, 77 S.Ct. 787, 1 L.Ed.2d 786. Indeed, this case would appear to be a stronger one for applying the rationale of Lesnik, for here the Court already has jurisdiction over the "person" of the United States, because of the third-party summons, and no additional process need be issued. Shannon v. Massachusetts Bonding & Ins. Co., D.C.W.D.La.1945, 62 F.Supp. 532, 544; 3 Moore, Federal Practice, par. 14.16 [1] (2d ed. 1948). Cf. 28 U.S.C. § 1693 (1952); Lesnik v. Public Industrials Corp., supra, at 977.

■ Since the scope of the venue statute is not clear, so far as it bears on the present issue, it is appropriate to consider the purpose of that statute in an attempt to discover the Congressional meaning and intent behind the words "civil action," as they appear in the statute. The setting in which this problem arises must be kept in mind. The trial of the third-party complaint is proper in this Court, although the basis for that statement is not entirely clear in this case, since the Court of Appeals for this Circuit has not ruled on the question whether the venue statute applies to a third-party action.[4] The decisions in the lower courts within the Circuit are in conflict. Compare Lewis v. United Air Lines Transport Corp., D.C.D.Conn.1939, 29 F.Supp. 112, with Morrell v. United Air Lines Transport Corp., D.C.S.D.N.Y. 1939, 29 F.Supp. 757. Moore takes the position that the venue statutes do not apply to third-party actions, 3 Moore, Federal Practice, par. 14.28 [2] (2d ed. 1948); and the Lesnik decision, supra, in the Court of Appeals for this Circuit indicates that they do not. The Court of Appeals holds that the third-party action need not rest on separate jurisdictional grounds, Dery v. Wyer, 2 Cir., 1959, 265 F.2d 804, although it does not necessarily follow that the Court of Appeals would hold that the third-party action is not subject to the requirements of the venue statutes. Lewis v. United Air Lines Transport Corp., supra; Note, 58 Col.L. Rev. 532, 545–6 (1958); Developments in the Law, Multi-party Litigation in the Federal Courts, 71 Harv.L.Rev. 877, 912 (1958); contra: Morrell v. United Air Lines Transport Corp., supra.

However that may be, the problem presented by this motion can only arise in a case in which the third-party defendant is already before the Court, either because the venue statute does not apply, or because its requirements are satisfied or waived. 28 U.S.C. § 1406(b) (1952); Fed.R.Civ.P. 12(h). Furthermore, the problem can only arise on a "claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's

---

venue problems. See also, in respect to overlapping jurisdiction of the Eastern and Southern Districts of New York concerning certain navigable waters, 28 U. S.C. § 112(b), (c) (1952).

4. Cf. United States v. Acord, 10 Cir., 209 F.2d 709, 711–714, certiorari denied, 1954, 347 U.S. 975, 74 S.Ct. 766, 98 L. Ed. 1115.

claim against the third-party plaintiff * * *." Fed.R.Civ.P. 14(a).

Taking the facts of the present case as an example, we may examine whether there would be any reason for Congress to intend to apply the venue statute to the plaintiff's claim against the United States. The controversy between the defendant and the United States has been properly localized here. The venue statute either does not apply to the third-party complaint, or it has been waived. If the amendment were not permitted, the United States would still have to defend against the plaintiff's claim that he was negligently treated in the hospital, for proof on that claim is a part of plaintiff's case against the defendant, and the United States' control of the hospital is the basis of the third-party complaint. The United States will not be faced with any additional proof if the amendment is allowed and I cannot see that its convenience in trying the case here, from the standpoint of witnesses and the proof it will be forced to adduce, will be affected by the amendment.[5] Under these circumstances, I can see no reason for Congress, through the venue statute, intending to limit the effect of the pertinent provision of Fed.R.Civ.P. 14(a) and fragmentize the disposition of the claims here present. Lesnik v. Public Industrials Corp., supra, 144 F.2d at pages 973, 977. I hold, accordingly, that the amendment of the complaint and prosecution here of plaintiff's claim against the United States would not be the prosecution of a "civil action" within the meaning of 28 U.S.C. § 1402(b) (1952). I wish to reiterate that this holding does not indicate any position on whether the venue statutes apply to a third-party action and would not be inconsistent with a ruling that they do. It is indeed, because the third-party action is properly localized here that it seems to me that the venue statutes do not apply to the plaintiff's claims against the third-party defendant. To apply the venue statute to this claim would only disperse the litigation without serving the third-party defendant's convenience.[6] I know of no reason to hold that Congress had such an intent.

The United States argues that the venue statutes must be even more strictly construed in suits against it than in suits against private persons, relying on the proposition that the Federal Tort Claims Act, as a statute which waives the sovereign's immunity from suit, must be strictly construed. See, however, United States v. Yellow Cab Co., 1951, 340 U.S. 543, 554, 71 S.Ct. 399, 95 L.Ed. 523; United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 383, 70 S.Ct. 207, 94 L.Ed. 171. There may have been some basis for arguing that the provisions of the Federal Tort Claims Act, as originally enacted, setting forth the courts in which suits thereunder might be brought, Federal Tort Claims Act § 410(a), 60 Stat. 843, 28 U.S.C. § 931(a) (1946), were jurisdictional, though even that proposition is doubtful. Cf. Hoiness v. United States, 1948, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16. In any event, the provisions of 28 U.S.C. § 1402(b) (1952)

---

5. It would appear that the same may be said in cases where the third-party defendant's negligence is first alleged in the third-party complaint.

6. The word "venue" is apparently derived from the Latin word for "neighborhood," and defines the place in which a suit may be brought. Absent a qualifying statute, venue is proper, for transitory actions, wherever the defendant may be found. McKenna v. Fisk, 1843, 1 How. 241, 247-249, 11 L.Ed. 117. It is the purpose of the venue statutes to narrow the choice of places at which trial may be had "to meet somewhat the conven-

ience of the parties and their witnesses by localizing disputes to places convenient to at least some of the persons in interest." Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968, 977. That these statutes do not perfectly accomplish this result is attested by the doctrine of *forum non conveniens*, Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and by the existence of 28 U.S.C. § 1404(a) (1952). In light of these principles, it would appear that the purpose of the venue statute would not be fulfilled by a holding that it applies to the plaintiff's claim against the United States.

plainly relate to venue and not to jurisdiction and since I have held that the venue statutes do not apply to a plaintiff's claim against a third-party defendant under Fed.R.Civ.P. 14(a), there is no legal basis for the Government's argument. See Aetna Casualty & Surety Co. v. United States, 2 Cir., 1948, 170 F.2d 469, 472, affirmed 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171. Of course, the Federal Rules of Civil Procedure apply to actions brought under the Federal Tort Claims Act. United States v. Yellow Cab Co., supra, 340 U.S. at page 553, note 9, 71 S.Ct. at page 406.

The motion to amend the complaint is, accordingly, granted.[7] The amended complaint may be served upon the defendant and upon the United States within 10 days from the date of this order with notice thereof to the plaintiff. The defendant and the United States may serve their answers within twenty days of service upon them of the amended complaint.

So ordered.

---

7. The motion also seeks an order providing that the claim against the defendant be tried to a jury and the claim against the United States to the Court. While it appears that this would be a proper method of trying the two claims, United States v. Yellow Cab Co., 1951, 340 U.S. 543, 555–556, 71 S.Ct. 399, I know of no reason for embodying such provisions in an order.