James E. THOMPSON, Plaintiff,

v.

UNITED ARTISTS THEATRE CIRCUIT, INC., Defendant and Third-Party Plaintiff,

v.

NATIONWIDE THEATRE INVESTMENT CO., Third-Party Defendant.

No. 67 Civ. 1771.

United States District Court
S. D. New York.

Oct. 23, 1967.

---

Marshall, Bratter, Greene, Allison & Tucker, New York City, for plaintiff, Charles H. Miller, Robert M. Jaffe, New York City, of counsel.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, for defendant and third-party plaintiff.

David A. Thomas, Cleveland Heights, Ohio, for third-party defendant, Paul O'Dwyer, O'Dwyer & Bernstein, New York City, New York co-counsel for third-party defendant.

## MEMORANDUM

BONSAL, District Judge.

Third-party defendant Nationwide Theatre Investment Co. (Nationwide) moves to dismiss the complaint filed by plaintiff against Nationwide, or, in the alternative, to separate plaintiff's action against defendant United Artists Theatre Circuit, Inc. (United) and plaintiff's action against Nationwide, with provision for separate trials.

Plaintiff moves for leave to serve an amended complaint on Nationwide.

Initially, plaintiff instituted the action against United and Nationwide as co-defendants. In his complaint, plaintiff seeks judgment against United and Nationwide in the amount of $20,500 alleged to be due for architectural services rendered, or, in the alternative, for judgment in the amount of $10,250 against each defendant. Jurisdiction is based on diversity, the complaint alleging that plaintiff is a citizen of New Jersey, United is a Maryland corporation with its principal place of business in New York, and Nationwide is an Ohio corporation with its principal place of business in Ohio. The complaint alleges that the cause of action arose in the Southern District of New York.

Thereafter, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, plaintiff filed and served a notice of voluntary dismissal against Nationwide, and on the next day United filed a third-party complaint against Nationwide. Nationwide moved to dismiss the third-party complaint for improper venue, which motion was denied by Judge Tenney. Thompson v. United Artists Theatre Circuit, Inc., D.C., 43 F.R.D. 197 (Sept. 26, 1967). While the motion was pending before Judge Tenney, plaintiff served a complaint on the third-party defendant (Rule 14(a), F.R.Civ.P.).

The issue here involved is whether under Rule 14(a) plaintiff may file a complaint against the third-party defendant without satisfying jurisdictional and venue requirements when it has been determined that the action between the third-party plaintiff and the third-party defendant is properly before the court. Since it appears from the papers that jurisdiction exists, based on diversity of citizenship, the court need only consider the question of venue.

The purpose of Rule 14(a) is to provide for the effective settlement at one time of disputes of which parts are already before the court. Lesnik v. Public Industrials Corp., 144 F.2d 968, 973 (2d Cir. 1944). On the other hand, Rule 82, F.R.Civ.P. provides that the Rules shall not be construed to extend venue. The decisions in this district appear to be in conflict as to whether the venue requirements must be satisfied with respect to plaintiff's claim against the third-party defendant. Judge Bondy held that the venue requirements must be satisfied. Habina v. M. A. Henry Co., 8 F.R.D. 52 (S.D.N.Y.1948). More recently, Judge

Palmieri reached a different conclusion in Abramovitch v. United States Lines, 174 F.Supp. 587 (S.D.N.Y.1959), and his interpretation was followed in Bonath v. Aetna Freight Lines, Inc., 33 F.R.D. 260 (W.D.Pa.1963).

Since the original action and the third-party action are both properly before this court, it would be contrary to the salutary doctrine of *Lesnik* to require that plaintiff's claim against the third-party defendant must be tried in another district. The court agrees with Judge Palmieri that the term "civil action" in 28 U.S.C. § 1391(a) should not be construed, for venue purposes, as including the claim of the plaintiff against the third-party defendant, which is part and parcel of the actions already pending in this court. Moreover, 28 U.S.C. § 1391(a) was recently amended to provide that a civil action may be brought in the district in which the claim arose, which, according to the complaint, was the Southern District of New York. No sufficient reason has been advanced why plaintiff's claim against Nationwide should not be tried at the same time and place as its claim against United and United's third-party claim against Nationwide. All the claims stem from the original cause of action, viz., that the plaintiff rendered architectural services to United and Nationwide, for which he claims compensation.

Accordingly, Nationwide's motion to dismiss plaintiff's claim against it or for alternative relief is denied.

Plaintiff's motion to amend his complaint against Nationwide to set forth the jurisdictional allegations as to diversity is granted since the original complaint alleges diversity between plaintiff and third-party defendant and it appears that the failure to include a diversity allegation was inadvertent.

Settle order on notice.