STATE ex rel. GARRISON WAGNER COMPANY, Relator,

v.

Honorable George E. SCHAAF and Honorable Franklin Ferriss, Judges of the Circuit Court of St. Louis County, Missouri, Respondents.

No. 59109.

Supreme Court of Missouri, En Banc.

Oct. 13, 1975.

Smith, Hanke & Batts, St. Louis, for relator.

Robert G. Brady, Michael B. McKinnis, David S. Slavkin, St. Louis, for respondents; Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

HOLMAN, Judge.

This is an original proceeding in prohibition. Upon application of relator, the Missouri Court of Appeals, St. Louis District, issued a preliminary writ in prohibition. As hereinafter more fully detailed the issue involved is one of venue under the third-party practice as provided for in Rule 52.-11(a), V.A.M.R. The question caused the court of appeals considerable difficulty (as it has this court) as indicated by the fact that it first adopted an opinion (with one judge dissenting) making the writ permanent and thereafter withdrew that opinion and adopted another which quashed the preliminary writ. Application to transfer pursuant to Art. V, Sec. 10, Mo.Const., V.A.M.S. was sustained and we decide the case here the same as an original proceeding filed in this court. In so doing, we utilize, without quotation marks, some portions of the opinion of the court of appeals.

On July 26, 1968, Novoson Investment Trust, Inc., hereinafter referred to as Novoson, filed suit in the Circuit Court of St. Louis County against Emerson Electric Company. In its petition, Novoson alleged that Emerson Electric had breached the terms of its lease of the premises located at 2018 Washington Avenue in the City of St. Louis, Missouri, presently occupied by relator Garrison Wagner Company for which alleged breach of the terms of the lease Novoson sought damages.

Novoson acquired the building at 2018 Washington Avenue while Emerson Electric was obligated under the terms of a lease of the premises it had entered into with Harry

C. Bohn, on July 26, 1943. The lease terms required Emerson Electric to maintain certain items of the buildings. While Emerson was subject to the above terms of the lease, it sublet the premises to relator Garrison Wagner Company on June 18, 1946, which sublease imposed the same or similar maintenance and repair obligations upon relator as were required of Emerson Electric. The lease and sublease both expired in July, 1963, and relator remained in the building as a tenant of Novoson.

On March 30, 1973, Emerson Electric Company filed a third-party petition seeking to join relator Garrison Wagner Company. This petition was duly served on Garrison Wagner at its office in the City of St. Louis. The basis for the third-party petition was an allegation that Garrison Wagner had entered into a sublease with Emerson Electric and now occupied the real estate in question. It was alleged that under the terms of the sublease Garrison Wagner must indemnify Emerson Electric in the event Emerson was found to be liable to Novoson for any failure to maintain the premises. Garrison Wagner appeared specially in the Circuit Court of St. Louis County and sought to quash the service and to dismiss the third-party petition for improper venue and for lack of jurisdiction. On January 4, 1974, the Honorable George E. Schaaf denied this motion. As heretofore indicated, this prohibition proceeding followed shortly thereafter.

Relator Garrison Wagner Company is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in the City of St. Louis, Missouri. Emerson Electric Company is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

As indicated, the issue for decision is whether the venue requirements have been met so that the Circuit Court of St. Louis County, in its discretion, may proceed to determine the issues presented in the third-party petition.

The third-party practice originated in this state as a part of the "Civil Code of Missouri" adopted in 1943. See Section 507.080.[1] The provisions of that section have now been substantially incorporated into and superceded by Rule 52.11(a) which provides, in part, as follows: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party petition not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. . . . Any party may move to strike the third-party claim, or for its severance or separate trial." It may be of interest to note that Rule 52.11(a) is the same as Federal Rule 14.

In deciding the question before us, we must also consider two venue statutes. Section 508.010 states, in part, that "Suits instituted by summons shall, except as otherwise provided by law, be brought:

"(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;" Section 508.040 provides that "Suits against corporations shall be commenced either in the county where the cause of action accrued, . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

Relator contends that Section 508.010 fixes the venue for the claim in question. Alternatively, however, it asserts that even if Section 508.040 is held to be applicable venue would be in St. Louis City because that is where the cause of action, if any, accrued.

1. All statutory references are to RSMo 1969, V.A.M.S.

Respondents say that Section 508.040 is applicable and that venue thereunder would be in St. Louis County because the cause of action (indemnity) would accrue in that county at the time Emerson is held liable to Novoson. Alternatively, they contend that in accord with the objectives of the third-party practice this court should adopt the rule that where the third-party claim grows out of the same matter as the principal action it should be considered as ancillary thereto and the venue in the principal action would fix the venue for the third-party claim.

There are two cases in which this court has dealt rather extensively with the foregoing venue statutes. In *State ex rel. Baker v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293 (1955) the suit (in the underlying case) was filed in Stoddard County by resident plaintiffs against two corporations, neither of which resided in or kept an office or agent in that county. Therein, we considered the provisions of the two venue statutes and concluded that: "In a case where individuals and corporations are sued jointly it is necessary to construe the two sections together for neither expressly fixes the venue in such case, and it is only Section 508.010 that does so by implication. But in the case of two corporations being sued, a different situation exists. When we look to the statutes for the proper venue in such a case we find Section 508.040 designed to cover venue in suits against corporations, which statute can be construed to cover the situation. We believe that such construction should be put on said statute, and that the proper venue in the case at bar is in Stoddard County, where the cause of action, as alleged, accrued." 274 S.W.2d 297.

In *State ex rel. Carney v. Higgins,* 352 S.W.2d 35 (Mo.1961) the plaintiffs in the case involved had filed suit in Clay County, their residence, against a Jackson County corporation to recover damages done to a house located in Clay County upon which the defendant had done construction work for them. In that posture the venue was clearly in Clay County where the claim ac-

crued. Defendant, however, filed a third-party petition against an individual subcontractor who resided in and was served in Jackson County. The third-party defendant contended that the venue of the claim against him was not in Clay County. The court pointed out that there was no statute or rule which fixed the venue for third-party claims and held that the venue of the third-party action was not in Clay County. The court adopted the view that the third-party indemnity claimant had to show compliance with venue requirements separate from the original action; that to hold otherwise would be legislating an exception to Section 508.010 and the court expressed the fear that such a holding might lead to serious abuses of process.

In deciding this case we will assume that the cause of action in question accrued or will accrue in St. Louis City and hence under the provisions of Section 508.040 and the ruling in *Higgins* the venue of the third-party claim would not be in St. Louis County. However, in the years that have passed since Higgins was decided there has been a vast increase in litigation and many courts have become more forcibly aware of the value of the third-party practice in contributing to a reduction of the case load. It is in the light of that situation that we have decided that the Higgins decision should be reconsidered.

We note at the outset of our consideration of this question that the weight of authority in other jurisdictions follow the rule that if the third-party claim grows out of the same transaction or occurrence as the original action the third-party claim may rest its venue upon the venue of the main action. In that connection, it is stated in 77 Am.Jur.2d, Sec. 28, p. 868 that: "In the absence of a statute specifically dealing with the venue of a cross action against a codefendant or a third-party defendant, it has been held that where the subject matter of the cross action is the same as that of the main action between the plaintiff and the defendant, . . . the venue of the cross action may properly be laid in the

same county as that of the main suit, . . . ." We are also told that "In most of the federal cases wherein the question was considered, the view has been taken that a third-party proceeding growing out of the same subject matter involved in the principal action and involving many of the same facts is ancillary to the principal action and its venue rests upon that of the principal action, it not being necessary that the venue requirements of an independent action be met." Anno. 100 A.L.R.2d, p. 708. The court in *Goodwin Brothers v. Preferred Risk Mut. Ins. Co.,* 410 S.W.2d 714, 716 (Ky.1967) stated: "Mindful of the congestion of court dockets and the desirability of minimizing the multiplicity of suits, we conclude that under CR 14.01 a third party may be joined 'who is or may be liable to' a defendant 'for all or part of' the plaintiff's 'claim against' the defendant, regardless of whether the provisions of [the venue statute] are met as to the third party."

At the time the 1943 Civil Code was adopted it was stated in Section 506.010 that "it shall be construed to secure the just, speedy, and inexpensive determination of every action." In an early case construing the third-party statute the court stated that "We reaffirm our adherence to the principle that procedural statutes deserve liberal construction. We are mindful that this Code was the result of an effort on the part of the bar and the legislature, so far as it could be accomplished and the rights of litigants safeguarded, to streamline procedure, abandon the technical and the useless and provide judicial processes which would facilitate the disposition of litigation upon its merits." *State ex rel. McClure v. Dinwiddie,* 358 Mo. 15, 213 S.W.2d 127, 130 (1948).

▉ We approve the statement that "The purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another." *State ex rel. Laclede Gas Company v. Godfrey,* 468 S.W.2d 693, 698 (Mo.App.1971).

▉ When we consider that procedural statutes are to be liberally construed and that the obvious purpose of the third-party practice is to reduce the number of cases filed and to provide a more prompt, efficient and economical method for disposing of litigation we cannot conclude that the legislature intended to require that third-party claims independently comply with venue requirements. We recognize that in some cases it may not be expedient or efficient to proceed with a third-party petition. And in other cases great inconvenience might be caused to the third-party defendant. But those situations may be avoided by the discretionary power vested in the judge. In that connection we recently stated that "The right to implead is not an absolute right even if the claim asserted is within the scope of Rule 52.11, but is a matter that is discretionary with the court. . . . If the above purposes [economy of litigation without prejudice to the rights of another] would not be served by the adjudication of the third-party claim, it is proper for the trial judge to exercise discretion and dismiss the third-party petition." *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124, 126 (Mo.1974). See also *United States v. Acord,* 209 F.2d 709[7] (10th Cir. 1954) and *Globig v. Greene & Gust Co.,* 184 F.Supp. 530[8, 9] (D.C.1960). There is no contention in this case that relator would be substantially inconvenienced by trying this claim in St. Louis County.

▉ We accordingly hold that in third-party practice it need not be shown that venue requirements have been independently complied with but that such may rest on venue properly shown in the original case; that the court, therefore, in its discretion, may permit the filing of a third-party petition or deny a motion to dismiss such a petition even though, if it were a separate action, the venue requirement would not be present.

To the extent that this ruling may be considered contrary to the holding in *State ex rel. Carney v. Higgins,* supra, said case should no longer be followed.

It follows from the foregoing that the preliminary writ heretofore issued by the court of appeals should be quashed. It is so ordered.

All concur.