**DAN FICKEN POOLS, INC., a corporation, Appellant,**

**v.**

**Edward Lee FLYNN and Rebecca Flynn, his wife, et al., Respondents.**

No. 40859.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 27, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied Feb. 11, 1980.

Richeson Law Firm, Nicholas G. Gasaway, Hillsboro, for appellant.

Kurt Breeze, Festus, John L. Davidson, Clayton, for respondents.

CRIST, Judge.

Contract action for balance allegedly due plaintiff contractor for construction of a residential swimming pool. Plaintiff contractor pleaded completion of the pool and, thus, entitlement to the balance of the contract price. Predictably, defendant homeowner pleaded non-completion. The jury found the issue in favor of homeowner and we affirm.

■ On appeal, contractor declares that the trial court erred in submitting the case to the jury. Basically, contractor claims that he was entitled to a directed verdict because the pool was "substantially com-

pleted," as a matter of law, likening the present situation to that encountered in *Property Owners' Materials Co. v. Byrne,* 176 S.W.2d 650, 652 (Mo.App.1944). Contractor also cites *S. G. Adams Printing v. Central Hardware Co.,* 572 S.W.2d 625, 629 (Mo.App.1978) for the proposition that inasmuch as the pool was put to its intended use by homeowner from August, 1976 through and including the 1977 swimming season and since only minor items remained to be performed or furnished, he was entitled to collect the balance of the contract price. We are of the opinion that the issue of whether or not the pool was "substantially completed" was properly submitted to the jury given the nature of the evidence hereinafter related.

The contract itself called for a total price of $8,516.50 for construction of the pool. As per its terms, homeowner tendered $3,500.00 upon delivery of the pool package, the remainder to be paid upon completion of the pool.

However, problems were experienced when excavation reached approximately 4 to 5 feet below grade level and water began seeping into the pool. Neither party had contemplated this development. The pool construction manual advised use of a permanent drainage pipe to alleviate potential sagging and honeycombing of the pool walls normally associated with pouring concrete into such a "wet hole." Contractor chose to ignore this admonition because, "when you have water coming in from all these places there is no way you can put that many drains in and still construct the pool."

Contractor proceeded to pour the concrete although, admittedly, he had never confronted this problem before and did not know how to successfully combat the expected side effects. It was contractor's opinion that he was faced with an impossible job but he never conveyed this opinion to homeowner. According to contractor's own testimony, this job was not representative of his company.

When the pool was first filled with water it leaked where the fiberglass panels join the concrete. Contractor removed and replaced the foam rubber inserts with a fluid-type caulking that fills cracks and hardens but, did not relieve the hydrostatic pressure. Accordingly, the pool did not completely drain, and was not repaintable. The bottom of the pool was also improperly constructed. Homeowner had numerous other complaints about the pool construction. The pool was viewed by the court and jury.

The burden was upon plaintiff contractor to prove performance in an acceptable and workmanlike manner. It cannot be said that he met this burden as a matter of law. *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co.,* 571 S.W.2d 253, 257 (Mo. banc 1978). With further reference to proof of "substantial completion," also see *Forsythe v. Starnes,* 554 S.W.2d 100, 107–108 (Mo. App.1977) and *Sides Const. Co. v. Arcadia Valley R–II Sch. Dist.,* 565 S.W.2d 761, 772 (Mo.App.1978).

The judgment from which plaintiff appeals stands affirmed.

DOWD, P. J., and REINHARD, J., concur.