NORMANDY OSTEOPATHIC HOSPITAL, Relator,

v.

Honorable Gary M. GAERTNER, Respondent.

No. 47794.

Missouri Court of Appeals, Eastern District, Division Six.

Jan. 3, 1984.

Sanford Goffstein, Clayton, for relator.

Donald L. Schlapprizzi, St. Louis, for respondent.

STEWART, Presiding Judge.

This is an original proceeding in prohibition. Relator, a defendant and third party defendant in the underlying action for wrongful death seeks our writ to prohibit respondent judge from proceeding with the underlying action because the action is not properly venued in the City of St. Louis. We will refer to relator as hospital.

Plaintiffs, in the wrongful death action in the trial court, are the daughters of Leona Meyers, deceased. Plaintiffs brought the action against Harold Whitehead d/b/a Whitehead Trucking and Truck Transport Inc. Venue was established pursuant to § 508.070 RSMo 1978.[1] Each of the trucking companies filed third party actions against hospital in which they sought indemnity or contribution because of alleged negligent management of decedent's injuries. Thereafter plaintiffs filed an amended petition adding the hospital as a party defendant. Hospital filed a motion to dismiss upon the sole ground that the action was barred by the statute of limitations. The trial court sustained the motion. This court's subsequent opinion in *Gramlich v. Travelers Insurance Co.,* 640 S.W.2d 180, 185 (Mo.App.1982) clarified the law with respect to the statute of limitations and plaintiffs filed their fourth amended petition which again alleged a claim against hospital. Hospital filed a motion to dismiss based upon the statute of limitations which was denied. Hospital then filed a motion to dismiss for lack of venue. Hospital is a resident of St. Louis County. The trial court sustained this motion. About a month later the plaintiffs filed their fifth amended petition relying upon the case of *Sledge v. Town and Country Tire Centers, Inc.,* 654 S.W.2d 176 (Mo.App.1983). The trial court denied hospital's motion to dismiss for lack of venue. Upon application of hospital we issued our preliminary writ of prohibition.

We now hold that *Sledge* is controlling and quash the preliminary writ. In *Sledge,* plaintiff, a passenger in an automobile was injured in a collision when an axle allegedly broke because defendant Town and Country failed to properly lubricate the rear axle bearings. Plaintiff, a resident of the City of St. Louis sued the driver of the automobile, a resident of St. Louis County, in the City of St. Louis. The driver was served within the City of St. Louis. The cause was thus properly venued in the City of St. Louis under § 508.010(1) RSMo 1978, which provides that the action may be brought in the county where plaintiff resides and defendant may be found. The driver of the automobile then filed a third party petition seeking apportionment or indemnity against Town and Country. Thereafter plaintiff asserted his claim against Town and Country. Town and Country made the same objection to venue as that now before us. This court held that the trial court did not lose its jurisdiction over the parties when plaintiff asserted a claim against

---

1. 508.070 Suits against motor carrier or contract hauler, where brought—

 1. Suit may be brought against any motor carrier which is subject to regulation under Chapter 390, in any county where the cause of action may arise, in any town or county where the motor carrier operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent and service may be had upon such motor carrier whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the public service commission.

third party defendant. The court reasoned that the question of a third party's negligence was properly before the court on the third party claim. "Trial of all issues in the same forum, including plaintiff's claim against [third party defendant] avoids multiplicity and provides an orderly and logical forum for the litigation." *Id.* at 180.

This case closely parallels *Sledge.* Clearly the trial court was vested with proper venue over trucking companies operating in the City of St. Louis under § 508.-070. It is equally clear that the trial court would have lost jurisdiction if plaintiffs had initially joined hospital as a defendant. *State ex rel. O'Keefe v. Brown,* 361 Mo. 618, 235 S.W.2d 304, 307 (1951).

As in *Sledge,* plaintiff did not bring hospital into the venue of the Circuit Court of the City of St. Louis. Defendant trucking companies filed third party actions against hospital. It was not necessary that venue be established as to hospital as a third party defendant, so long as proper venue existed between plaintiffs and defendants in the primary action. *Garrison-Wagner Co. v. Schaaf,* 528 S.W.2d 438, 442 (Mo. banc 1975). When the trucking companies filed the third party petition, plaintiffs had the right to assert any claim they might have against third party defendants arising out of the occurrence that was the subject of the trucking companies' claims against hospital. Rule 52.11. The trial court did not lose jurisdiction of the parties to the action. *Sledge v. Town and Country Tire Centers,* 654 S.W.2d at 180.

Hospital would distinguish this case from *Sledge* because plaintiff in *Sledge* obtained personal jurisdiction over the driver of the car under the general venue statute § 508.-010(1) RSMo 1978, whereas plaintiff in this case obtained venue as to the trucking companies under a special venue statute relating to motor carriers. § 508.070 RSMo 1978.

We find no difference in this distinction. The reason for the rule in *Sledge* is equally applicable here. The question of hospital's negligence is before the court in the third party petition. The fact that plaintiffs have asserted their claim against hospital does not introduce any new issues in the case. To try the case in the present posture would avoid multiplicity and provide an orderly and logical forum for the litigation. *Sledge* at 180.

Our preliminary writ was improvidently issued and we now quash that writ.

CRIST and CRANDALL, JJ., concur.