STATE ex rel. David R.
MERRITT, Relator,

v.

Thomas C. MUMMERT, III, Presiding Judge, Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 63664.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 19, 1993.

Application to Transfer Denied
Nov. 23, 1993.

K. Steven Jones, St. Louis, for relator.

Stephen M. Ryals, Philip C. Denton, Stephen H. Ringkamp, John G. Doyen, St. Louis, Joel A. Poole, Russ Welsh, Kansas City, for respondent.

CARL R. GAERTNER, Judge.

Relator seeks our writ prohibiting respondent, the Honorable Thomas C. Mummert, from proceeding with a third-party claim against relator as third-party defendant. Relator argues that the third-party petition is improper and therefore respondent is without jurisdiction to proceed on the claim. We granted a preliminary writ of prohibition which we now make absolute.

The underlying action arose out of a three-car collision on Highway 70 in St. Louis County. Plaintiff, Erma Brueggeman, was a passenger in the car of defendant/third-party plaintiff, Wilma Bassman. Bassman's car was struck by the car of third-party defendant, David Merritt. Bassman's car was then struck by a third vehicle.

Brueggeman settled all her claims for $100,000. The agreement released Merritt, but none of the other tortfeasors, pursuant to § 537.060 RSMo.1986. In September 1992, Brueggeman brought suit in the Circuit Court of the City of St. Louis against Ford

Motor Company, Bassman, and the owner and operator of the third vehicle in the accident. Bassman filed a third-party petition naming Merritt as third-party defendant. Bassman's third-party petition alleged negligence on the part of Merritt which caused injury and damage to Bassman. The third-party petition did not allege that Merritt would be liable to Bassman for all or part of Brueggeman's claim against Bassman. Merritt filed a motion to dismiss or in the alternative a motion to strike the petition claiming that Bassman's petition was not a proper third-party petition and that the court was without jurisdiction to hear that claim. In March, Bassman filed an amended third-party petition making the same claims for her own damages against Merritt and adding an additional paragraph stating, "Pursuant to Supreme Court Rule 52.11 defendant David R. Merritt is or may be liable to third-party plaintiff Wilma L. Bassman at the time Erma Brueggeman filed her petition against Wilma L. Bassman and consequently defendant Wilma Bassman is or would have been entitled to contribution and indemnity by third-party defendant David R. Merritt." Judge Mummert denied Merritt's motion to dismiss and supplemental motion to strike. Merritt then sought this writ.

Rule 52.11, in pertinent part, provides as follows:

At any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

The original third-party petition, which contained no reference whatsoever to Merritt's liability to Bassman for all or part of Brueggeman's claim against Bassman, obviously did not fall within the purview of Rule 52.11. *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124, 127 (Mo. banc 1974); *AAA Excavating, Inc. v. Francis Construction, Inc.,* 678 S.W.2d 889, 894 (Mo.App.1984). Although denominated as "a third-party petition," the pleading was in fact nothing more than a statement of Bassman's personal

claim against Merritt, a claim which lay outside the venue of the Circuit Court of the City of St. Louis. And it is that fact which gives rise to this entire proceeding.

The chronology of this litigation clearly demonstrates that this writ proceeding stems from an effort to subvert the rules of civil procedure into a means of evading the Missouri statutes controlling the venue of civil actions.

March 19, 1991: The accident occurs in St. Louis County.

August 20, 1992: Brueggeman settles with Merritt's insurer for $100,000 policy limits.

September 21, 1992: Brueggeman files suit against Ford Motor Company, Blair Feed & Grain Company, James T. Blair, and Wilma Bassman, in the Circuit Court of the City of St. Louis. Only defendant Ford Motor Co. is a resident of the City of St. Louis.

November, 1992: Bassman files original third-party petition against Merritt.

January 4, 1993: Brueggeman dismisses claim against Bassman. Bassman dismisses cross-claims seeking contribution and indemnification.

March, 1993: Bassman files amended third-party petition.

This belated amendment alleges that Merritt "is or may be liable" to Bassman "at the time" Brueggeman filed her petition against Bassman so that Bassman "would have been" entitled to contribution. It is perfectly clear that Bassman, after settling the plaintiff's claim against her, is remaining as a party in plaintiff's law suit for the sole purpose of "piggy-backing" her own personal injury lawsuit onto Brueggeman's lawsuit to which Merritt was never a party. The fact that Bassman is not really seeking contribution is evident from the dismissal of her claims for indemnification or contribution two months before the amended third-party petition was filed. Indeed, her defense counsel, who would be the party concerned with indemnification or contribution, withdrew from the case at that time.

Rule 51.01 provides "these Rules shall not be construed to extend or limit the jurisdiction of the courts of Missouri, or the venue of

civil actions therein." It is apparent that Bassman is attempting to utilize Rule 52.11, not for the purpose which the Rule is intended to serve, but as a means of extending the venue of a civil action. Such a subversion of the Rule is virtually conceded by Bassman's argument that the fact "Merritt *may* be entitled to a summary judgment at some future point does not vitiate the propriety of the filing of the third-party petition against him."

In *Sledge v. Town & Country Tire Centers, Inc.,* 654 S.W.2d 176, 181 (Mo.App.1983), this court found it "dangerous and destructive to permit collusive use of third-party practice to deny a defendant a venue to which he is statutorily entitled." In so ruling, the court relied upon *Diehr v. Carey,* 238 Mo.App. 889, 191 S.W.2d 296, 300 (1945), concerning the practice of stating a paper case for the sole purpose of obtaining venue. In both *Sledge* and *Diehr,* the courts looked beyond the mere ingenuity of pleading to condemn allegations made pretensively for the purpose of bringing into the jurisdiction one who could not otherwise be subject to the court's jurisdiction. This is such a case.

The provisional Writ of Prohibition is now made absolute. The respondent is ordered to strike the third-party petition against David Merritt.

SIMON and CRAHAN, JJ., concur.